963 F.2d 380
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sergio GARCIA, Defendant-Appellant.
 No. 91-50305.
 United States Court of Appeals, Ninth Circuit.
 May 18, 1992.
 
 Before ALARCON, WILLIAM A. NORRIS and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sergio Garcia ("Garcia") appeals from the judgment of conviction for conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846, and possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841. He seeks reversal on the ground that the evidence of guilt was insufficient. He also contends that the district court abused its discretion in denying his motion for a new trial based on the Government's failure to disclose evidence.
 
 
 3
 We affirm because we conclude that the evidence was sufficient to demonstrate Garcia's guilt of each offense, and the district court did not abuse its discretion in denying the motion for a new trial.
 
 I.
 DISCUSSION
 
 4
 Garcia contends that the evidence failed to support his convictions for conspiracy and possession. In examining whether the evidence presented at trial is sufficient to support a conviction, we must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Mares, 940 F.2d 455, 458 (9th Cir.1991). Our responsibility is to determine whether the jury could have reasonably arrived at its verdict, not whether the evidence excludes every hypothesis except guilt. Id. We must draw all reasonable inferences in favor of the Government. United States v. Davis, 932 F.2d 752, 761 (9th Cir.1991). The conviction may be sustained solely on circumstantial evidence. United States v. Fleishman, 684 F.2d 1329, 1340 (9th Cir.), cert. denied, 459 U.S. 1044 (1982).
 
 
 5
 A. Conspiracy to Possess with Intent to Distribute Cocaine.
 
 
 6
 A conspiracy is established by showing an agreement to accomplish an illegal objective, coupled with one or more acts in furtherance of the illegal purpose, and the requisite intent necessary to commit the underlying offense. United States v. Penagos, 823 F.2d 346, 348 (9th Cir.1987). Once a conspiracy has been proved, evidence establishing beyond a reasonable doubt a defendant's connection with the conspiracy, even though slight, is sufficient to convict a defendant of knowing participation in the conspiracy. United States v. Skillman, 922 F.2d 1370, 1373 (9th Cir.1990), cert. dismissed, 112 S.Ct. 353 (1991). Evidence of a defendant's connection to the established conspiracy may be inferred from circumstantial evidence. Mares, 940 F.2d at 458. If a defendant participates in a conspiracy, he is responsible for all substantive offenses committed in furtherance of the conspiracy, even if he did not directly participate in them. United States v. Vasquez, 858 F.2d 1387, 1393 (9th Cir.1988), cert. denied, 488 U.S. 1034 (1989).
 
 
 7
 Garcia does not dispute that the evidence demonstrated that an ongoing conspiracy to distribute cocaine existed between Trinidad Garcia and Vasquez-Cruz. Garcia asserts that he was merely a bystander to the drug trafficking activity. Although mere proximity to the scene of a crime is not sufficient to establish involvement in a conspiracy, seemingly innocent acts may support an inference of guilt when viewed in their proper context. Mares, 940 F.2d at 458.
 
 
 8
 The facts in the instant matter demonstrate that Garcia actively participated in the alleged conspiracy. Garcia drove an automobile containing over 20 kilograms of cocaine to the prearranged drug delivery site. DEA Special Agent Clayton, who qualified as an expert on narcotics trafficking, testified that drivers of cars containing large quantities of narcotics are "very seldom" unaware that the vehicles contain drugs. He explained that "due to the nature of the business, the value of the contraband in the car or the cash proceeds in the car, [the drug traffickers] have to be totally confident that the person that they have entrusted to drive is not going to steal from them and actually transport the intended drugs or money as delegated without complication."
 
 
 9
 Garcia's behavior after delivering the automobile to the parking lot demonstrates his knowing participation in the narcotics conspiracy. Patrick McMahon, a police officer with the City of Ontario, testified that after Garcia met with Trinidad Garcia, Garcia "continued to watch the parking lot and the goings on of the vehicles that were moving about." Garcia never turned to look in the Alpha Beta store. Garcia then walked to the other side of the building, still looking out into the parking lot. When the other conspirators were arrested, Garcia "saw [the police], made an immediate about face and began to walk into the Alpha Beta."
 
 
 10
 Garcia's counter-surveillance activity occurred when "the risk of detection and capture is greatest, i.e. at meetings between buyers and sellers and during actual transfer of drugs to buyers." Penagos, 823 F.2d at 349; see Mares, 940 F.2d at 459 (upholding defendant's conviction when counter-surveillance activity occurred at the scene of the drug transaction); United States v. Hernandez, 876 F.2d 774, 779 (9th Cir.), cert. denied, 493 U.S. 863 (1989) (same). Moreover, Garcia drove the car containing contraband to the drug transaction site. He had a beeper on his person when arrested. Agent Clayton testified that a beeper is commonly used by drug traffickers to transmit information about law enforcement activities.
 
 
 11
 The evidence also demonstrated a connection between Garcia and the other conspirators. Trinidad Garcia testified that his friendship with Garcia began in 1978. The telephone subscription at Vasquez-Cruz's residence was in Garcia's name. The evidence presented at trial was sufficient to persuade a rational trier of fact beyond a reasonable doubt that Garcia was guilty of conspiracy.
 
 
 12
 B. Possession with Intent to Distribute.
 
 
 13
 Garcia contends that his conviction for possession of cocaine with the intent to distribute should be reversed because the evidence failed to establish that he knew the car he drove to the site of the drug transaction contained cocaine. To sustain a conviction for possession with intent to distribute, the defendant must be shown to have knowingly possessed a controlled substance with the intent to distribute it. United States v. Walitwarangkul, 808 F.2d 1352, 1353 (9th Cir.), cert. denied, 481 U.S. 1023 (1987). We have previously held that "mere possession of a substantial quantity of narcotics is sufficient to support an inference that a defendant knowingly possessed the narcotics." United States v. Barbosa, 906 F.2d 1366, 1368 (9th Cir.), cert. denied, 111 S.Ct. 394 (1990). Here, there was additional circumstantial evidence demonstrating knowing possession. Garcia drove the car containing over 20 kilograms of cocaine to the prearranged drug delivery site. As described above, Officer Clayton testified that drivers of cars containing substantial quantities of contraband are usually aware of the existence of the contraband. In addition, the record supports an inference that Garcia engaged in counter-surveillance activity at the scene of the drug transaction. He had a beeper on his person when arrested. The evidence was sufficient to persuade a rational trier of fact that Garcia knowingly possessed the cocaine transported in the automobile.
 
 II.
 MOTION FOR A NEW TRIAL
 
 14
 Sergio Garcia contends that he is entitled to a new trial because the Government failed to disclose a file from the Immigration and Nationalization Service (INS) which indicated that a key government witness, Osvaldo Garcia, had psychiatric problems. The Government contends that the evidence was not improperly withheld and was not material.
 
 
 15
 We review a challenges to a conviction based on an alleged Brady violation de novo. United States v. Aichele, 941 F.2d 761, 764 (9th Cir.1991). We review a district court's order denying a motion for a new trial pursuant to Federal Rule of Criminal Procedure 33 for abuse of discretion. United States v. Steel, 759 F.2d 706, 713 (9th Cir.1985).
 
 
 16
 A. Duty of Government to Disclose the Psychiatric Report.
 
 
 17
 Under Brady v. Maryland, 373 U.S. 83 (1963), the Government must disclose evidence which is favorable to the defense and material to either guilt or punishment. While due process requires the Government to "disclose any [Brady] information within the possession or control of law enforcement personnel, it has no duty to volunteer information that it does not possess or of which it is unaware." United States v. Monroe, 943 F.2d 1007, 1011 n. 2 (9th Cir.1991), cert. denied, 112 S.Ct. 1585 (1992); United States v. Hsieh Hui Mei Chen, 754 F.2d 817, 824 (9th Cir.), cert. denied, 471 U.S. 1139 (1985); see United States v. Polizzi, 801 F.2d 1543, 1553 (9th Cir.1986) (holding that prosecutor had no duty to disclose affidavit and sentencing statement from a 1982 federal wire-fraud case because the prosecutor was not aware of the information).
 
 
 18
 We conclude that the Government had no duty to disclose Osvaldo Garcia's immigration file because it was not "within the possession or control of law enforcement personnel." See Monroe, 943 F.2d at 1011 n. 2; Polizzi, 801 F.2d at 1553. The record shows that the prosecution neither possessed nor was aware of the INS report until after the trial had concluded.
 
 
 19
 The evidence was not material to the defense. Evidence is material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Bagley, 473 U.S. 667, 682 (1985). A "reasonable probability" is one that is "sufficient to undermine confidence in the outcome." Id.
 
 
 20
 The psychiatric evidence was of limited value to the defense. Osvaldo Garcia testified that he had never seen Garcia until the day of the drug transaction. Garcia argues that if Osvaldo Garcia's credibility had been impeached by the psychiatric evidence, the jury may have believed Trinidad Garcia's defense of entrapment. If the jury believed Trinidad Garcia was testifying truthfully about his entrapment, Garcia contends that the jury may have believed Trinidad Garcia's testimony that Garcia did not know that the car contained contraband.
 
 
 21
 Osvaldo Garcia's credibility was already extensively impeached at trial. He admitted that he had been convicted of a narcotics felony. He informed the jury that the sentencing judge would assess his cooperation in this matter in imposing punishment. He also testified that he had been paid thousands of dollars by the Government for his work as a confidential informant. Thus, the psychiatric evidence would have been cumulative. See Polizzi, 801 F.2d at 1551 (where prosecutors failed to correct testimony that government witness had never been an informant, district court's denial of motion for a new trial affirmed where the record revealed that witness was so thoroughly impeached at trial that further impeachment would have been cumulative). Garcia has not demonstrated that a Brady violation has occurred.
 
 
 22
 B. Newly Discovered Evidence.
 
 
 23
 Since the prosecution did not violate Brady, the INS file was newly discovered evidence. A defendant who moves for a new trial based on newly discovered evidence must meet the following five part test:
 
 
 24
 (1) the evidence must be newly discovered;
 
 
 25
 (2) the failure to discover the evidence sooner must not be the result of a lack of diligence on the defendant's part;
 
 
 26
 (3) the evidence must be material to the issues at trial;
 
 
 27
 (4) the evidence must be neither cumulative nor merely impeaching; and
 
 
 28
 (5) the evidence must indicate that a new trial would probably result in acquittal.
 
 
 29
 United States v. Kulczyk, 931 F.2d 542, 548 (9th Cir.1991). Sergio Garcia failed to establish each of these factors. The INS file would have been admissible solely for impeachment. As such, it is cumulative. The district court did not abuse its discretion in denying Garcia's motion for a new trial.
 
 
 30
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument pursuant to Fed.R.App.P. 34(a), 9th Cir.Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3