**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Udom WALITWARANGKUL,**
**Defendant-Appellant.**

**No. 86–5026.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 23, 1986.*

Decided Jan. 26, 1987.

Joseph F. Walsh, Los Angeles, Cal., for defendant-appellant.

John H. Feiner, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before TANG, FERGUSON and HALL, Circuit Judges.

TANG, Circuit Judge:

Udom Walitwarangkul appeals from his convictions on two counts for possession and importation with intent to distribute

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 3(f) and Fed.R.App.P. 34(a).

heroin. Walitwarangkul contends that (1) the district court erred in requiring him to try on clothes found in the suitcase containing the heroin and (2) insufficient evidence supports the finding that he knew there was heroin in his suitcase. We affirm.

## FACTS

Udom Walitwarangkul was arrested at Los Angeles International Airport after arriving on a flight from Bangkok, Thailand. Walitwarangkul was carrying a large suitcase that was searched by the customs officials. Upon opening the lining of the suitcase, customs officials discovered 1,386 grams of heroin. Walitwarangkul was indicted for possessing and importing heroin with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 952(a), and 960(a)(1).

At trial Walitwarangkul testified that he was coerced to fly to Los Angeles, that the suitcase and the clothes inside were not his, and that he had never seen the suitcase until he picked it up in Los Angeles. The government compelled Walitwarangkul before the jury to put on a jacket and hold up two pairs of pants from the suitcase to determine that the clothes belonged to him. The clothes appeared to fit him.

The jury found Walitwarangkul guilty of both counts of his indictment. Walitwarangkul timely appeals.

The district court's decision to compel Walitwarangkul to try on clothes in front of the jury is reviewed for an abuse of discretion. *United States v. Domina*, 784 F.2d 1361, 1371 (9th Cir.1986).

■ Walitwarangkul contends that the district court abused its discretion in requiring him to try on clothes during the trial. Walitwarangkul argues that trying on the clothes was tantamount to forcing him to wear jail clothing. This contention lacks merit.

A defendant cannot be compelled to stand trial before a jury in identifiable prison clothes because of the continuing prejudice upon the jurors throughout trial. *Estelle v. Williams*, 425 U.S. 501, 504–05, 96 S.Ct. 1691, 1693, 48 L.Ed.2d 126 (1976).

Walitwarangkul, however, was not tried in prison clothes nor was he compelled to try on prison clothes. He was requested to try on a jacket and to hold up two pairs of pants for a short period of time to establish whether those clothes fit him and thus may have belonged to him. Therefore, *Estelle* does not apply here.

Further, a defendant may be required to try on articles of clothing during trial if the prejudicial effect does not outweigh the probative value. *Domina*, 784 F.2d at 1370–71 (no abuse of discretion to require defendant to put on mask at trial to facilitate identification); *United States v. Satterfield*, 572 F.2d 687, 690 (9th Cir.1978), cert. denied, 439 U.S. 840, 99 S.Ct. 128, 58 L.Ed.2d 138 (1978) (requiring defendant to put on stocking mask worn by the robber is permissible).

Here, requiring Walitwarangkul to try on the clothes was relevant to whether he owned the clothes. Any prejudice would be outweighed by the probative value of such evidence. *See Domina*, 784 F.2d at 1371. The court did not abuse its discretion by having Walitwarangkul try on clothes during trial.

### Sufficiency of Evidence

Sufficient evidence supports a conviction if, reviewing "the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (emphasis in original); *United States v. Rush*, 749 F.2d 1369, 1372 (9th Cir.1984).

To sustain a conviction for possession with intent to distribute heroin, the government must prove that the defendant (1) knowingly (2) possessed the heroin (3) with intent to distribute it. 21 U.S.C. § 841(a)(1). *See United States v. Vergara*, 687 F.2d 57, 61 (5th Cir.1982); *United States v. Meyers*, 601 F.Supp. 1072, 1074 (D.Or.1984). Walitwarangkul contends that the government has not proved beyond a reasonable doubt that he knew the heroin

was in the suitcase. He argues that he did not know about the heroin because he was coerced into bringing the suitcase to Los Angeles and never saw the suitcase before he picked it up at the airport. This contention is unpersuasive.

■ The government presented sufficient evidence of Walitwarangkul's knowledge. Walitwarangkul had actual possession of the suitcase containing over a kilogram of heroin. Possession of a large quantity of narcotics alone may be sufficient in some cases to support a finding that one knowingly possessed the heroin. *United States v. Collins*, 764 F.2d 647, 652 (9th Cir.1985) (mere possession of a substantial quantity of narcotics is sufficient to support a finding of defendant's knowledge); *United States v. Guzman*, 446 F.2d 1137, 1139 (9th Cir.1971) (evidence of possession of contraband "serves as a substantial basis to draw an inference of ... knowledge"). However, Walitwarangkul's knowledge can be proved better by the circumstantial evidence that he had a claim check and key to the suitcase, appeared nervous when questioned by customs, changed his story about his ownership of the suitcase, was traveling under an assumed name, and the clothing inside the suitcase appeared to fit him. *United States v. Tebha*, 770 F.2d 1454, 1457 (9th Cir.1985) (evidence sufficient for a finding that the defendant knowingly possessed heroin based upon evidence that the defendant opened a package of heroin intentionally and changed his story at trial); *United States v. Taylor*, 716 F.2d 701, 711 (9th Cir.1983) (sufficient evidence to convict defendant through circumstantial evidence). We find upon review that there was ample evidence to allow a reasonable juror to find and convict Walitwarangkul of knowingly possessing heroin.

The judgment of conviction is AFFIRMED.

FERGUSON, Circuit Judge, concurring:

I concur in the result the majority reaches, but I write separately to clarify the standard for determining the sufficiency of evidence to establish knowing possession.

The majority relies upon *United States v. Collins*, 764 F.2d 647, 652 (9th Cir.1985) (mere possession of a substantial quantity of narcotics is sufficient to support a finding of defendant's knowledge), and *United States v. Guzman*, 446 F.2d 1137, 1139 (9th Cir.1971) (evidence of possession of contraband "serves as a substantial basis to draw an inference of ... knowledge"), for the proposition that possession of a large quantity of narcotics alone may be sufficient in some cases to support a finding that a defendant knowingly possessed the narcotics. While there are undoubtedly some circumstances where the approach set forth in *Collins* would be appropriate—as, for example, where a defendant possesses contraband about his person, in a pocket, or in a container which makes the contents visible—I believe that *Guzman* sets forth the appropriate standard to be applied in this case.

Under the standard set forth in *Guzman,* possession of narcotics creates an *inference* of knowledge; it does not necessarily provide sufficient evidence to support a *finding* of knowledge. *Id.* at 1139. The court in *Guzman* cites as authority a line of cases addressing the sufficiency of evidence in convictions for illegal importation. None of these cases states the blunt rule that the *Collins* court derived from *Guzman* and *United States v. Sutton,* 446 F.2d 916, 920 (9th Cir.1971). Rather, they emphasize that "[p]ossession ... must be such as to establish both control over the subject and knowledge of its presence," *Eason v. United States,* 281 F.2d 818, 820 (9th Cir.1960), and that "[p]roof that one had exclusive control and dominion over property on or in which contraband narcotics are found is a potent circumstance, tending to prove knowledge of the presence of such narcotics and control thereof." *Evans v. United States,* 257 F.2d 121, 128 (9th Cir.), *cert. denied,* 358 U.S. 866, 79 S.Ct. 98, 3 L.Ed.2d 99 (1958).

I agree with the majority that Walitwarangkul's knowledge can be better proved

by the circumstantial evidence that he had a claim check and key to the suitcase, appeared nervous when questioned by customs, changed his story about ownership of the suitcase, and was traveling under an assumed name. Under the standard articulated in *Guzman,* Walitwarangkul's possession of a suitcase containing over a kilogram of heroin establishes an inference that he knew about the contents of the suitcase. This inference and the circumstantial evidence provided a sufficient basis for the jury to convict Walitwarangkul of knowingly possessing heroin.

I write separately to emphasize that where, as here, the contraband is found in a locked or sealed container, the appropriate standard for the sufficiency of the evidence is that possession of the container permits an *inference* of knowledge which, in the light of all the other evidence, may be a sufficient basis for a jury to convict a defendant of knowing possession.