849 F.2d 1477
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Kittiporn THONGSOPON, Defendant-Appellant.
 
 1
 No. 87-5018.
 
 
 2
 United States Court of Appeals, Ninth Circuit.
 
 Argued and Submitted June 10, 1988.
Decided June 16, 1988.
 
 3
 Before PREGERSON and DAVID R. THOMPSON, Circuit Judges, and PAUL G. ROSENBLATT, District Judge**.
 
 
 4
 MEMORANDUM*
 
 
 5
 Kittiporn Thongsopon appeals his conviction for importation and possession of heroin in violation of 21 U.S.C. Secs. 952(a), 960(a)(1), and for intent to distribute heroin in violation of 21 U.S.C. Sec. 841(a)(1). Thongsopon contends that the Government failed to present sufficient evidence to establish that he knew heroin was hidden in his suitcase. The judgment of conviction is affirmed.
 
 
 6
 Under the standard set forth in United States v. Collins, 764 F.2d 647, 652 (9th Cir.1985), possession of a substantial quantity of narcotics may be sufficient to support a finding of defendant's knowledge. Thongsopon's luggage contained approximately 2,544 grams of heroin, a sufficient quantity to establish that Thongsopon knew he possessed heroin. His unpacked suitcase was heavy enough to arouse the suspicion of Inspector Berry. Because Thongsopon had travelled with the suitcase for nearly two months, a rational jury could determine that Thongsopon knew he possessed narcotics.
 
 
 7
 The jury's determination that Thongsopon knew he possessed narcotics is supported by other circumstantial evidence presented at trial. See United States v. Walitwarangkul, 808 F.2d 1352, 1354 (9th Cir.1987) (knowledge of possession can be proved better by circumstantial evidence than by mere evidence of possession). Thongsopon travelled with the suitcase from Thailand (a source country); he was in exclusive control and dominion over the suitcase; he told the customs inspector at secondary that he was "just visiting" but would state no specific plans; and he appeared nervous when his suitcase was emptied for inspection. Further, the jury heard testimony suggesting the rarity of a "blind courier," i.e., one who transports narcotics unknowingly.
 
 
 8
 Thongsopon did cooperate with the investigator by identifying his luggage, unlike the defendant in Walitwarangkul. However, a rational jury might disregard this evidence because the narcotics were hidden in the panelling of his luggage, making it safe for Thongsopon to give assistance during a superficial inspection.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 **
 The Honorable Paul G. Rosenblatt, United States District Judge, District of Arizona, sitting by designation