962 F.2d 15
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jorge ENCISO-MORALES, Defendant-Appellant.
 No. 91-10386.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1992.*
Decided May 8, 1992.
 
 Before HUG, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 Jorge Enciso-Morales ("Morales") appeals his conviction following a jury trial for possession and importation of controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A), and 28 U.S.C. §§ 952(a), 960(a)(1) & (b). Morales contends that he was denied equal protection through the government's use of peremptory challenges to exclude people of color from the jury. He also challenges the sufficiency of the evidence supporting his conviction. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 2
 * Jury Selection
 
 
 3
 "[T]he Equal Protection Clause prohibits a prosecutor from using the State's peremptory challenges to exclude otherwise qualified and unbiased persons from the petit jury solely by reason of their race...." Powers v. Ohio, 111 S.Ct. 1364, 1370 (1991); see Batson v. Kentucky, 476 U.S. 79, 89 (1985). In order to raise a claim of improper use of peremptory challenges by the prosecution, the defendant must establish a prima facie case of purposeful discrimination.[1] United States v. Power, 881 F.2d 733, 739 (9th Cir.1989). "If the prima facie case of discrimination is established, the burden shifts to the government to articulate a 'neutral explanation' for its challenges, an explanation 'related to the particular case tried.' " Id. at 740 (citation omitted).
 
 
 4
 Here, Morales is Hispanic. The district court discharged for cause 21 potential jurors, six of whom were Hispanic, based on their responses to a written questionnaire. According to Morales, only one person of color, Gerald Antone, remained on the jury panel of 28.[2] The district court asked each prospective juror to answer verbally a general question concerning his or her background. After Antone responded, the prosecutor used one of her peremptory challenges to strike Antone.
 
 
 5
 Morales argues that the prosecutor improperly used her peremptory challenge to remove Antone from the petit jury based solely on Antone's race. Morales claims that the facts leading up to the prosecutor's conduct raise an inference of purposeful discrimination. We disagree.
 
 
 6
 The prosecutor's use of one peremptory challenge to strike Antone does not, in and of itself, create a prima facie case of purposeful discrimination. See United States v. Chinchilla, 874 F.2d 695, 698 (9th Cir.1989). There is no indication that the prosecutor used her peremptory challenges to strike other people of color, or that her conduct was motivated by anything other than race-neutral reasons.[3] Cf., e.g., id. (prosecutor challenged all Hispanic jurors, used first peremptory challenge to strike only Hispanic juror and used sole challenge to the alternate pool to remove only other Hispanic). Therefore, Morales failed to establish a prima facie case of purposeful discrimination. See United States v. Lewis, 837 F.2d 415, 417 (9th Cir.), cert. denied, 488 U.S. 923 (1988).
 
 II
 Sufficiency of the Evidence
 
 7
 "We will uphold a conviction if, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt of each element of the crime charged." United States v. Sanchez-Mata, 925 F.2d 1166, 1166 (9th Cir.1991). In order to sustain a conviction for importation and possession of a controlled substance, the government must establish that the defendant knew of the contraband and had the power to exercise dominion and control over it. See id. at 1169; 21 U.S.C. §§ 952, 960. Morales maintains that the evidence was insufficient to show that he knew of or possessed the contraband.
 
 
 8
 Here, Morales drove the vehicle containing 12 pounds of marijuana and 32 pounds of cocaine. See United States v. Mora, 876 F.2d 76, 77-78 (9th Cir.1989) (possession of large quantity of narcotics alone may be sufficient to support finding of knowledge). He told the primary inspection officer that the purpose of his trip was to pay a doctor's bill. Later, he told the secondary inspection officer that he was going to Phoenix to buy a car. Both inspectors noticed that Morales seemed to be in a hurry. See United States v. Walitwarangkul, 808 F.2d 1352, 1354 (9th Cir.) (defendant appeared nervous when questioned by customs officials), cert. denied, 481 U.S. 1023 (1987). Considering the evidence in the light most favorable to the government, a rational trier of fact could conclude beyond a reasonable doubt that Morales had knowledge of the contraband in the vehicle and that he intentionally imported it into the United States. See id.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 A defendant must show that he is a member of a cognizable racial group and that the prosecutor has exercised peremptory challenges to remove jury members based on race. United States v. Power, 881 F.2d 733, 740-41 (9th Cir.1989); see Powers, 111 S.Ct. at 1370
 
 
 [2]
 Antone is Native American
 
 
 [3]
 The prosecutor explained that she had prosecuted an individual with the same surname from the same town and that the prospective juror could be a relative of this person. In addition, the prosecutor was concerned about Antone's ideology