983 F.2d 1078
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Javier ESPINOSA-CORTEZ, Defendant-Appellant.
 No. 92-10099.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 6, 1993.*
Decided Jan. 13, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Javier Espinosa-Cortez appeals his conviction at jury trial for importation of marijuana, in violation of 21 U.S.C. § 952(a), and possession with intent to deliver marijuana, in violation of 21 U.S.C. § 841(a)(1). Espinosa-Cortez contends that there was insufficient evidence to support his conviction. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review the sufficiency of evidence to support a criminal conviction by viewing the evidence in the light most favorable to the prosecution and determining whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Adler, 879 F.2d 491, 495 (9th Cir.1989) (quoting Jackson v. Virginia, 443 U.S. 307, 318 (1979)). When reviewing the sufficiency of the evidence:
 
 
 4
 "[we] must respect the exclusive province of the jury to determine the credibility of the witnesses, resolve evidentiary conflicts and draw reasonable inferences from proven facts, by assuming that the jury resolved all such matters in a manner which supports the verdict."
 
 
 5
 United States v. Goode, 814 F.2d 1353, 1355 (9th Cir.1987) (quoting United States v. Ramos, 558 F.2d 545, 546 (9th Cir.1977)).
 
 
 6
 To prove the importation charge, the government must establish that the defendant (1) knowingly (2) imported marijuana. United States v. Mayes, 524 F.2d 803, 807 (9th Cir.1975).
 
 
 7
 To prove the possession with intent to distribute charge, the government must prove that the defendant (1) knowingly (2) possessed marijuana (3) with the intent to distribute. United States v. Walitwarangkul, 808 F.2d 1352, 1353 (9th Cir.), cert. denied, 481 U.S. 1023 (1987). Constructive possession can be established if the defendant had " 'sufficient dominion and control to give him the power of disposal....' " United States v. Hernandez, 876 F.2d 774, 778 (9th Cir.), cert. denied, 493 U.S. 863 (1989) (quoting United States v. Castillo, 866 F.2d 1071, 1086 (9th Cir.1989)). Circumstantial evidence can establish both knowledge and possession. Id.
 
 
 8
 Sufficient evidence introduced at trial supports the jury's conclusion that Espinosa-Cortez was guilty of both offenses. Border Patrol agents Sullivan and Betts both testified that on the evening of September 4, 1991, they observed an individual, later identified as Espinosa-Cortez, enter the United States through a hole in the border fence wearing a light blue, short sleeve shirt and dark pants. Agent Sullivan testified that he saw the individual, carrying a light colored bag, walk up the street towards a waiting vehicle. Although the agents momentarily lost sight of the individual and did not see him enter the car, the agents concluded that he had entered the car when its back-up lights came on, the car left, and there was no one else in the area. This conclusion was reinforced when they saw Espinosa-Cortez in the passenger seat of the car wearing a blue shirt. The agents then stopped the car. Espinosa-Cortez possessed an amnesty card, which would have allowed him to enter the United States legally through any port of entry if he were not carrying contraband. Agent Sullivan found a gray bag in the back seat of the car, which appeared to be the same bag which the individual who entered through the hole in the border fence had been carrying. A search of the bag uncovered sixteen pounds of marijuana.
 
 
 9
 In his defense, Espinosa-Cortez called the driver of the car, Luis Barrahus, who already had plead guilty to offenses arising from his September 4, 1991 arrest. Barrahus testified that it was not Espinosa-Cortez, but was another individual, who had entered through the hole and delivered the marijuana to him. Barrahus also stated that Espinosa-Cortez was unaware of the drug transaction and had merely joined Barrahus for a free ride to California. During cross-examination, Barrahus denied having gone to Mexico with or without Espinosa-Cortez on September 4, 1991 or having returned to the United States by himself at about 8:22 p.m. that same day. In rebuttal, the government offered the testimony of Immigration and Naturalization Inspector Jeffrey Malam. Inspector Malam testified that Barrahus, not Espinosa-Cortez, had entered the United States alone at 8:22 p.m. driving the car which the agents later saw near the border fence.
 
 
 10
 By questioning the sufficiency of the evidence, Espinosa-Cortez appears to suggest that the testimony of agents Sullivan, Betts, and Malam was not credible because Barrahus's version of events contradicts it and because Barrahus's version provides an alternative scenario in which Espinosa-Cortez would be innocent. "Credibility determinations, however, are matters left to the trier of fact." United States v. Vasquez, 858 F.2d 1387, 1391 (9th Cir.1988). In convicting Espinosa-Cortez, the jury clearly found the agents' testimony credible. See id.; Goode, 814 F.2d at 1355.
 
 
 11
 Accordingly, construing the evidence in the light most favorable to the prosecution, we hold there was sufficient evidence to sustain Espinosa-Cortez's conviction. See Adler, 879 F.2d at 497; Hernandez, 876 F.2d at 778; Walitwarangkul, 808 F.2d 1352, 1353; Mayes, 524 F.2d at 807.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3