985 F.2d 576
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Darwin Wesley MARTIN, Defendant-Appellant.
 No. 92-50078.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 27, 1993.*
Decided Feb. 2, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Darwin Wesley Martin appeals his conviction, following a jury trial, for one count of bank robbery in violation of 18 U.S.C. § 2113(a). Martin contends that the district court erred by refusing to allow him to try on a jacket in the presence of the jury without forgoing his Fifth Amendment right not to testify. We have jurisdiction under 28 U.S.C. § 1291 and reverse.
 
 
 3
 We review the district court's decision to exclude evidence for an abuse of discretion. United States v. Tham, 960 F.2d 1391, 1397 (9th Cir.1991); United States v. Walitwarangkul, 808 F.2d 1352, 1353 (9th Cir.), cert. denied, 481 U.S. 1023 (1987).[1]
 
 
 4
 A physical characteristic relevant to identification is non-testimonial evidence which a defendant may display to the jury without forgoing his Fifth Amendment right not to testify. United States v. Bay, 762 F.2d 1314, 1315-16 (9th Cir.1984). The defendant must lay a proper foundation for presenting such evidence to the jury. See id. at 1317 (remand required to allow the defendant an opportunity to lay a foundation for displaying to the jury the tattoos on his hands because the foundation issue was never reached at trial).
 
 
 5
 Here, a branch of Security Pacific Bank ("Security") in Los Angeles, California was robbed. The government introduced the suit worn by the bank robber into evidence as part of its case-in-chief. Defense counsel requested that Martin be allowed to try on the jacket of the suit in the presence of the jury in order to show that it did not fit him. The district court asked defense counsel to represent whether Martin was the same weight at trial as at the time of his arrest. Following a recess, which the court ordered for the purpose of weighing Martin, defense counsel proffered that Martin weighed 201 pounds with his clothing. Defense counsel also proffered that police officers weighed Martin at the time of his arrest and he weighed 194 pounds without his clothing. The court, however, refused to allow Martin to try on the jacket in the presence of the jury without testifying.
 
 
 6
 After both parties made closing arguments to the jury, the government informed the court that Martin was not required to testify before trying on the jacket in the presence of the jury. Nevertheless, the court refused to allow Martin to try on the jacket.
 
 
 7
 We conclude that Martin should have been allowed to try on the jacket in the presence of the jury. He laid a proper foundation for presenting the evidence by proffering that he weighed 201 pounds with his clothing at the time of trial and that the police weighed him at the time of his arrest and he weighed 194 pounds without his clothing. Accordingly, the district court abused its discretion by excluding the evidence. See Bay, 762 F.2d at 1317.
 
 
 8
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We deny Martin's "Motion for Leave of the Court to Suppliment [sic] Appeal in Pro-Se."