990 F.2d 1262
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Ray HAFFORD, Defendant-Appellant.
 No. 92-10303.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided March 18, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles Ray Hafford appeals his conviction following jury trial for conspiracy to possess and possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. Hafford contends the evidence was insufficient to prove each element of the charged offenses. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 "There is sufficient evidence to support a conviction if, reviewing the evidence in the light most favorable to the prosecution, 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt' ". United States v. Reyes-Alvarado, 963 F.2d 1184, 1187-88 (9th Cir.) (quoting United States v. Adler, 879 F.2d 491, 495 (9th Cir.1988)), cert. denied, 113 S.Ct. 258 (1992). "[C]ircumstantial evidence and inferences drawn from it may be sufficient to sustain a conviction." Reyes-Alvarado, 963 F.2d at 1188; accord United States v. Miguel, 952 F.2d 285, 288-89 (9th Cir.1991); United States v. Restrepo, 930 F.2d 705, 709 (9th Cir.1991). In evaluating the sufficiency of the evidence, we must respect the exclusive province of the jury to determine the credibility of witnesses. United States v. Boone, 951 F.2d 1526, 1536 (9th Cir.1991); United States v. Orozco-Santillan, 903 F.2d 1262, 1265 (9th Cir.1990).
 
 
 4
 "To prove a conspiracy, the government must show (1) an agreement (2) to engage in criminal activity and (3) one or more overt acts in furtherance of the conspiracy." United States v. Smith, 924 F.2d 889, 894 n. 1 (9th Cir.1991) (quoting United States v. Hernandez, 876 F.2d 774, 777 (9th Cir.), cert. denied, 493 U.S. 863 (1989)). Once the conspiracy is established, evidence showing beyond a reasonable doubt even a slight connection between the defendant and the conspiracy is sufficient for conviction. Restrepo, 930 F.2d at 709; United States v. Stauffer, 922 F.2d 508, 514-15 (9th Cir.1990). While mere association with members of a conspiracy is not enough, Restrepo, 930 F.2d at 709, coordinated activity among codefendants may provide circumstantial evidence that a defendant participated in a conspiracy, see Smith, 924 F.2d at 894; Stauffer, 922 F.2d at 515; Hernandez, 876 F.2d at 778.
 
 
 5
 To prove possession with intent to distribute marijuana, the government must show that the defendant (1) knowingly (2) possessed marijuana (3) with the intent to distribute. United States v. Walitwarangkul, 808 F.2d 1352, 1353 (9th Cir.), cert. denied, 481 U.S. 1023 (1987). Circumstantial evidence can establish both the knowledge and possession elements of the possession with intent to distribute charge. Hernandez, 876 F.2d at 778.
 
 
 6
 At jury trial, Border Patrol Agent Jorge Gonzales testified to the following facts. After discovering a cache of marijuana stashed under a dead tree in a border area known to be used for narcotics smuggling, Agent Gonzales hid nearby and witnessed the arrival of a vehicle he recognized as belonging to local resident Steve Cooper, whom he had met several times before. The truck had beehives loaded on the stake bed and pulled up to some nearby beehives. Agent Gonzales heard but did not see both truck doors open and then some crates being moved around. Agent Gonzales saw Steve Cooper make two trips to the marijuana cache and carry bundles of marijuana back to the truck. While changing his viewing location, Agent Gonzales saw Hafford, dressed in a blue shirt and jeans, loading what Agent Gonzales believed was the marijuana onto the truck. Agent Gonzales arrested Hafford when Hafford approached the marijuana cache. While he was arresting Hafford, Cooper escaped. Cooper has never been apprehended. After the arrest, Hafford requested that Agent Gonzales retrieve Hafford's asthma medicine from his green bag in the cab of Cooper's truck.
 
 
 7
 Border Patrol Agent Danny Hernandez testified that while he was processing Hafford at the Tucson Border Patrol station, Hafford requested that Agent Hernandez get his cigarettes from the cab of Cooper's truck. Agent Hernandez did so, and found a marijuana cigarette inside the cigarette pack. Drug Enforcement Agency Agent Tracy Donahue testified that he found a marijuana cigarette in the green bag Hafford had identified as his.
 
 
 8
 Investigation of Cooper's truck revealed that only the perimeter bee crates had bees in them; the center crates were hollowed out and empty. The marijuana bundles from the cache fit into the empty crates. Several bundles of marijuana were found in and around the truck. A beekeeping expert testified that the truck was not properly set up for beekeeping work.
 
 
 9
 Viewed in the light most favorable to the government, the circumstantial evidence was sufficient to sustain Hafford's conviction on both the conspiracy and substantive counts. Hafford arrived in the truck with Cooper. He was seen loading what Agent Gonzales believed to be marijuana from the cache onto the truck. Hafford was arrested while walking to the marijuana cache, after Cooper had already retrieved several bundles of marijuana from the cache. Agents found marijuana bundles in and around Cooper's truck. On the basis of the coordinated activity between Hafford and Cooper and the circumstances surrounding the arrest, a rational jury could have found beyond a reasonable doubt that Hafford was involved in a conspiracy to possess with intent to distribute marijuana. See Miguel, 952 F.2d at 288-89 (evidence sufficient to find defendant guilty of conspiracy to possess with intent to distribute marijuana where defendant went with his father into the desert in the middle of the night, stood by while the marijuana was loaded into a truck, and ran from the Border Patrol). Further, the fact that the marijuana bundles from the cache were found in and around the truck, that Hafford possessed personal use quantities of marijuana, and that Hafford was seen apparently loading something onto the truck is sufficient circumstantial evidence to support a jury finding that he actually possessed the marijuana and that he knew what it was that he possessed. See id.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3