990 F.2d 1262
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bonnie Ann DURHAM, Defendant-Appellant.
 No. 90-10022.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 17, 1991.
Remanded Aug. 7, 1992.
Resubmitted Dec. 30, 1992.
Decided March 29, 1993.
 
 Before SCHROEDER, PREGERSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Bonnie Ann Durham appeals her conviction and sentence for conspiracy to manufacture and distribute methamphetamine, 21 U.S.C. § 846; manufacturing methamphetamine, 21 U.S.C. § 841(a)(1); possessing methamphetamine with intent to distribute, 21 U.S.C. § 841(a)(1); using and carrying a firearm in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1); and maintaining a place for the purpose of manufacturing methamphetamine, 21 U.S.C. § 856.
 
 
 3
 This case was originally consolidated with the appeal of codefendant Jerome Sherman Stanley (No. 90-10049). Both cases were remanded for findings regarding the issue whether the prosecuting attorney was improperly appointed. See United States v. Durham, 941 F.2d 886 (9th Cir.1991). Stanley's remaining issues are the subject of a separate memorandum disposition. Durham's remaining issues are the subject of the present memorandum disposition.
 
 DISCUSSION
 1. SUFFICIENCY OF THE EVIDENCE
 
 4
 Durham argues that there was insufficient evidence that she committed counts one, two, seven, eight and nine of the indictment against her.
 
 
 5
 There is sufficient evidence to support a conviction if, reviewing the evidence in the light most favorable to the prosecution, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992) (quotation omitted).
 
 A. Count One: Conspiracy
 
 6
 Durham argues the prosecution presented insufficient evidence to convict her under 21 U.S.C. §§ 841 and 846 for conspiring to manufacture and distribute methamphetamine.
 
 
 7
 To prove a conspiracy, the government must show (1) an agreement, (2) to engage in criminal activity, and (3) one or more overt acts in furtherance of the conspiracy. United States v. Hernandez, 876 F.2d 774, 777 (9th Cir.), cert. denied, 493 U.S. 863 (1989). The prosecution need not show that the agreement was explicit; an agreement may be inferred from the facts and circumstances of the case. Id.
 
 
 8
 The following evidence was sufficient to show that Durham entered into an agreement to manufacture and distribute methamphetamine: (1) Durham used a large sum of cash to purchase hydrotic acid and other precursor chemicals necessary to manufacture methamphetamine; (2) police found large quantities of methamphetamine, two firearms, triple beam scales, and a quantity of "cutter" substance at the residence where Durham was living; (3) Durham's fingerprints were found on one of the scales; (4) police seized documents indicating Durham had made wire transfers of money for the purchase of chemicals; (5) one of the other buildings on the property where Durham was residing contained an operational methamphetamine laboratory. See United States v. Brock, 667 F.2d 1311, 1315 (9th Cir.) (sufficient evidence of conspiracy where a defendant places a large order for a precursor chemical and takes the chemical to a remote facility where a methamphetamine laboratory is found), cert. denied, 460 U.S. 1022 (1983).
 
 
 9
 B. Count Two: Manufacture of Methamphetamine
 
 
 10
 Durham argues that there was insufficient evidence to convict her of 21 U.S.C. § 841(a)(1) for manufacturing methamphetamine with an intent to distribute.
 
 
 11
 Durham's personal actions of buying precursor chemicals and necessary equipment, transporting the chemicals to her home, living very near the laboratory, and possessing large quantities of methamphetamine are sufficient evidence that she manufactured and intended to distribute the drug.
 
 
 12
 C. Count Seven: Possession with Intent to Distribute
 
 
 13
 Durham contends there was insufficient evidence to convict her of 18 U.S.C. § 841(a)(1) for possession of methamphetamine with intent to distribute.
 
 
 14
 To prove possession with intent to distribute, the government must show the defendant (1) knowingly (2) possessed the drug (3) with the intent to distribute. United States v. Walitwarangkul, 808 F.2d 1352, 1353 (9th Cir.), cert. denied, 481 U.S. 1023 (1987). Durham contends that the Government failed to prove that she knew the drugs were present in her home because it was jointly occupied by other family members.
 
 
 15
 "Possession of a controlled substance under section 841(a)(1) may be constructive, as well as actual." United States v. Disla, 805 F.2d 1340, 1350 (9th Cir.1986). Constructive possession "reflects the common sense notion that an individual may possess a controlled substance even though the substance is not on his person at the time of arrest." Id.
 
 
 16
 Constructive possession is demonstrated by evidence of "a sufficient connection between the defendant and the contraband to support the inference that the defendant exercised dominion and control over the substance." Id. Dominion and control can be demonstrated in two ways: evidence of "defendant's participation in a 'joint venture' to possess a controlled substance," or "direct or circumstantial evidence that the defendant had power to dispose of the drug." Id.
 
 
 17
 In the present case, the fact that large quantities of methamphetamine were discovered in a bedroom in Durham's residence where her purse and cosmetics were also discovered is circumstantial evidence of Durham's power to dispose of the drug and her knowledge of its presence. The coordinated activity between Stanley and Durham, as demonstrated by the fact that she accepted a large quantity of money from Stanley to pay for the precursor chemicals, raises a reasonable inference of a joint venture. See Hernandez, 876 F.2d at 778 (coordinated activity among defendants created inference of joint venture). Therefore, there was sufficient evidence that Durham knowingly and constructively possessed the methamphetamine.
 
 D. Count Eight: Possession of a Firearm
 
 18
 Durham argues that there was insufficient evidence to convict her of 18 U.S.C. § 924(c)(1) for possession of a firearm.
 
 
 19
 To prove a violation of § 924(c)(1), the government must establish two elements: (1) "the firearm at issue was 'related to,' or played some role in, the underlying crime," and (2) "the defendant ... 'used' or 'carried' the firearm." United States v. Torres-Medina, 935 F.2d 1047, 1048-49 (9th Cir.1991).
 
 
 20
 Close proximity of a firearm to drugs supports an inference that the gun is "related to" a narcotics operation. Id. at 1049. In the present case, guns were found on the property where the methamphetamine laboratory was found. Thus, the first element of § 924(c)(1) is met because the close proximity of the guns to the laboratory implies they were related.
 
 
 21
 The "use" element is satisfied if the firearm was " 'within the possession or control' of the defendant." Id. (quoting United States v. Stewart, 779 F.2d 538, 539 (9th Cir.1985), cert. denied, 484 U.S. 867 (1987)). A firearm may be considered within the possession or control of the defendant "if its physical proximity to the defendant at any time during the commission of the crime, or during the arrest, supports the inference that it emboldened him to commit the underlying offense or to resist arrest." Id. at 1050. Here, the guns were found in the house where Durham was arrested and where the crime was taking place, in a room containing her purse and in a drawer containing women's clothing (Durham was the only woman residing at the house). Thus, the "use" element of § 924(c)(1) is met because there was physical proximity between the guns and Durham which support the inference that they emboldened her to commit the underlying offense.
 
 
 22
 E. Count Nine: Maintaining a Place for Manufacture
 
 
 23
 Durham argues there was insufficient evidence to convict her of 21 U.S.C. 856(a)(1) for maintaining a place for the purpose of manufacturing methamphetamine.
 
 
 24
 To prove a violation of 21 U.S.C. 856(a)(1), the government must show the defendant (1) knowingly (2) opened or maintained a place (3) for the purpose of manufacturing methamphetamine. It was reasonable, based upon the evidence, that the jury would have concluded that Durham resided at the Garden Valley house with her invalid father-in-law and handicapped brother-in-law. Thus, the jury could infer that she came across and therefore knew about the drugs and drug paraphernalia scattered throughout the house. The jury could infer she maintained the house because she lived there. And, based on the paraphernalia used to measure and package drugs, the jury could infer that Durham intended to use the property to distribute methamphetamine.
 
 
 25
 Although there was sufficient evidence to support her conviction under § 856(a)(1), the jury was not instructed under that subsection. Rather, the jury was instructed under § 856(2), a crime for which Durham was not indicted.[1] Therefore, the jury never considered the evidence in relation to the indicted offense.
 
 
 26
 Durham failed to raise the issue of the erroneous jury instruction either to the district court or this court. However, "[i]n exceptional circumstances, especially in criminal cases, appellate courts, in the public interest, may, of their own motion, notice errors to which no exception has been taken, if the errors are obvious, or if they otherwise seriously affect the fairness, integrity, or public reputation of judicial proceedings." United States v. Atkinson, 297 U.S. 157, 160 (1936); see generally Fed.R.Crim.P. 52(b).
 
 
 27
 "The state has the burden of proving every element of a crime beyond a reasonable doubt." United States v. Gaudin, No. 90-30334, slip op. 1267, 1276 (9th Cir. Feb. 18, 1993) (citing In re Winship, 397 U.S. 358, 364 (1970)). "When a trial judge deprives the jury of its fact-finding duty, this violates the defendant's due process rights." Id. (citing Sandstrom v. Montana, 442 U.S. 510 (1979)). Constitutional error exists "when an element of the offense charge was omitted from the jury instructions." Id. at 1277. Moreover, such error is harmful per se, and not subject to a harmless error test. Id. at 1279.
 
 
 28
 Here, the trial court's failure to instruct on the indicted offense is constitutional error because it deprived the jury of its fact-finding duty. Inasmuch as this error seriously affects the fairness of the judicial proceeding, we may appropriately raise the issue sua sponte. See Atkinson, 297 U.S. at 160. Accordingly, we reverse the § 856(a) conviction.
 
 2. SENTENCING
 
 29
 Durham argues that the district court erred in denying her a two level reduction under U.S.S.G. § 3E1.1 by concluding she did not accept responsibility for the commission of the offense.
 
 
 30
 "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to a great deference on review." U.S.S.G. § 3E1.1, Application Note 5.
 
 
 31
 The mere admission of acts and conduct on which the offenses were predicated clearly is not an affirmative acceptance of personal responsibility for criminal conduct. Therefore, we cannot conclude that the district court erred in deciding that Durham was not entitled to a sentence reduction under Section 3E1.1 of the Sentencing Guidelines.
 
 CONCLUSION
 
 32
 We affirm Durham's conviction and sentence based on counts one, two, seven, and eight of the indictment. We reverse the conviction based on count nine of the indictment, and remand for a new trial or other appropriate disposition of count nine.
 
 
 33
 AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Durham was indicted generally under 21 U.S.C. § 856. However, the indictment charged Durham with "... knowingly maintain[ing] a place for the purpose of manufacturing methamphetamine," which is the language of subsection (a)(1)
 The language of the trial court's instruction was consistent with subsection (a)(2), which contains different elements. In order to convict under that subsection, the government must show that the defendant (1) managed or controlled the premises (as an agent or employee); and (2) knowingly (3) made the premises available for the pupose of manufacturing, storing, distributing, or using a controlled substance.