996 F.2d 1229
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ofelia PENUNURI-VALENZUELA, Defendant-Appellant.
 No. 92-50700.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1993.*
Decided June 14, 1993.
 
 Before: CANBY, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ofelia Penunuri-Valenzuela appeals her conviction following a jury trial for importation of and possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), 952, 960. Penunuri-Valenzuela contends that there was insufficient evidence that she knew the car she was driving contained marijuana. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Sufficient evidence to support a conviction exists if "a reasonable jury, after viewing the evidence in the light most favorable to the government, could have found the defendant guilty beyond a reasonable doubt of each essential element of the crime charged." United States v. Reyes-Alvarado, 963 F.2d 1184, 1187-88, cert. denied, 113 S.Ct. 258 (1992).
 
 
 4
 To establish possession with intent to distribute marijuana, the government must show that the defendant (1) knowingly (2) possessed the marijuana (3) with the intent to distribute it. United States v. Walitwarangkul, 808 F.2d 1352, 1353 (9th Cir.), cert. denied, 481 U.S. 1023 (1987). To prove the importation charge, the government must establish that the defendant (1) knowingly (2) imported marijuana. United States v. Mayes, 524 F.2d 803, 807 (9th Cir.1975).
 
 
 5
 "The discovery of undeclared marihuana in a car crossing the border establishes the illegal importation" and also "serves as a substantial basis to draw an inference" of knowledge of the drugs. United States v. Guzman, 446 F.2d 1137, 1139 (9th Cir.) (car occupant's "knowledge of the concealed contraband is for the trier of fact to answer, not a court of review"), cert. denied, 404 U.S. 1022 (1972). Possession "alone may be sufficient in some cases to support a finding" of knowledge, although knowledge can "be proved better by the circumstantial evidence." Walitwarangkul, 808 F.2d at 1354; accord Reyes-Alvarado, 963 F.2d at 1188; United States v. Savinovich, 845 F.2d 834, 838 (9th Cir.) ("Actual or positive knowledge is not necessary to support a conviction for possession of contraband if a defendant is aware of the high probability of possession and consciously disregards that possibility in an effort to remain ignorant."), cert. denied, 488 U.S. 943 (1988).
 
 
 6
 Penunuri-Valenzuela contends there was insufficient evidence to support the jury's conclusion that she knew of the marijuana found in her car. Penunuri-Valenzuela was apprehended at the United States-Mexico border driving a car which contained one hundred twenty-four pounds of marijuana, permitting a jury inference that she had knowledge of the narcotics. See Guzman, 446 F.2d at 1139. Supporting this inference is the conflicting testimony concerning the basis for Penunuri-Valenzuela's trip to Mexico. She alleged that the trip was a test drive of a car which she was deciding whether to buy and that she decided on the spur of the moment to drive to Tijuana. Her son testified, however, that they had been planning the Tijuana trip and the men who left the car with Penunuri-Valenzuela also told them to go to Tijuana. Furthermore, Agent Aarons testified that the son told him that the men also gave Penunuri-Valenzuela directions to Tijuana and instructions where to stay.
 
 
 7
 We hold that a rational trier of fact could have found beyond a reasonable doubt that Penunuri-Valenzuela was aware of the substantial amount of narcotics in the car she was driving, and that there was sufficient evidence to support her conviction. See Reyes-Alvarado, 963 F.2d at 1187-88.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3