5 F.3d 540
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Christopher ARVIZU, Defendant-Appellant.
 No. 93-50026.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1993.*
Decided Aug. 25, 1993.
 
 Before: PREGERSON, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Christopher Arvizu appeals his convictions, following a jury trial, for possession and importation of marijuana with intent to distribute in violation of 21 U.S.C. Secs. 841(a)(1), 952(a). Arvizu argues the evidence was insufficient to support his convictions. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 "In determining whether the evidence was sufficient to support ... [Arvizu's] convictions, we must determine whether, after viewing all the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of the crime(s) beyond a reasonable doubt." See United States v. Vasquez-Chan, 978 F.2d 546, 549 (9th Cir.1992).
 
 
 4
 "Circumstantial evidence may prove knowledge or intent in cases involving possession or importation of large quantities of narcotics." United States v. Barbosa, 906 F.2d 1366, 1368 (9th Cir.), cert. denied, 498 U.S. 961 (1990). Possession of large amounts of narcotics may itself be sufficient to support a finding that a defendant knowingly possessed the narcotics. United States v. Walitwarangkul, 808 F.2d 1352, 1354 (9th Cir.), cert. denied, 481 U.S. 1023 (1987); see also United States v. Collins, 764 F.2d 647, 652 (9th Cir.1985). "[T]he government's evidence need not exclude every reasonable hypothesis consistent with innocence." United States v. Miller, 688 F.2d 652, 663 (9th Cir.1982).
 
 
 5
 The following facts were adduced from testimony at trial. On January 23, 1992, Arvizu drove a 1982 Oldsmobile into the Otay Mesa Port of Entry from Mexico. He was the sole occupant in the vehicle. At the primary inspection checkpoint, United States Customs Inspector Pamela Robertson asked Arvizu for his driver's license in order to determine his citizenship. Inspector Robertson noticed that Arvizu tightly grasped the top of the steering wheel with both hands and initially avoided eye contact. Arvizu presented his driver's license and stated that he had been visiting family in Mexico. He further stated that he owned the vehicle and gave the registration to Inspector Robertson. The registration, however, indicated that a different individual owned the vehicle.
 
 
 6
 Inspector Robertson asked Arvizu if he was bringing any items across the border. Arvizu indicated that he had nothing. Inspector Robertson, however, saw approximately a dozen roses wrapped in cellophane and two bags containing groceries on the back seat of the vehicle. Inspector Robertson then asked Arvizu to step out of the vehicle and open the trunk. Arvizu's hand shook as he opened the trunk. Inspector Robertson testified that the trunk was very shallow for the year and model of the vehicle, and that the it had a new dark carpet. Further, the trunk was completely empty.
 
 
 7
 Inspector Robertson told Arvizu to drive to a secondary checkpoint for a more thorough inspection. As Arvizu drove to the secondary checkpoint, a drug-sniffing canine alerted to the presence of drugs in the trunk area. A subsequent search of the trunk revealed thirty-five packages of marijuana, weighing 112 pounds, secreted in a compartment under the carpet in the trunk. Follow-up investigation revealed that neither the name nor address on the vehicle registration existed. Further, a government expert testified that the marijuana had a street value of $430,000.
 
 
 8
 Arvizu concedes that he had dominion and control over the marijuana. He argues, however, that the evidence was insufficient to show he knowingly possessed the marijuana because "there were innocent explanations for ... [his] conduct as well as suspicious ones." His argument is unpersuasive.
 
 
 9
 Arvizu's concession of dominion and control over the 112 pounds of marijuana secreted in the vehicle's trunk may alone be sufficient to support an inference of knowing possession. See Walitwarangkul, 808 F.2d at 1354; Collins, 764 F.2d at 652. Arvizu's knowledge of the marijuana, however, was also supported by ample circumstantial evidence. The jury could have inferred that Arvizu knowingly possessed the marijuana from his apparent nervousness at the primary inspection point; from his initial lack of eye contact with Inspector Robertson; from his false statement regarding ownership of the vehicle; from his shaking hand as he opened the trunk; and from evidence presented by the government that the person and address listed on the vehicle registration did not exist. See Barbosa, 906 F.2d at 1368; Walitwarangkul, 808 F.2d at 1353.
 
 
 10
 Thus, viewing the evidence in the light most favorable to the government, we conclude there was sufficient evidence to support a jury finding that Arvizu knowingly possessed and imported marijuana. See Barbosa, 906 F.2d at 1369.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3