24 F.3d 251
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Martin MIRANDA-FLORES, Defendant-Appellant.
 Nos. 93-10352, 93-10360.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1994.*
Decided May 4, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Martin Miranda-Flores appeals his convictions following jury trial for importing and possession with intent to distribute cocaine in violation of 21 U.S.C. Secs. 952(a), 841(a)(1). Miranda-Flores contends the district court erred by denying his motion for judgment of acquittal. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 There is sufficient evidence to support a conviction if, " 'reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).
 
 
 4
 "Circumstantial evidence may prove knowledge or intent in cases involving possession or importation of large quantities of narcotics." United States v. Barbosa, 906 F.2d 1366, 1368 (9th Cir.), cert. denied, 498 U.S. 961 (1990). Possession of large amounts of narcotics may itself be sufficient to support a finding that a defendant knowingly possessed the narcotics. United States v. Walitwarangkul, 808 F.2d 1352, 1354 (9th Cir.), cert. denied, 481 U.S. 1023 (1987); see also United States v. Collins, 764 F.2d 647, 652 (9th Cir.1985). If the defendant has exclusive control over the premises where the contraband is found, knowledge and control may be inferred. United States v. Castillo, 866 F.2d 1071, 1086 (9th Cir.1988); see also United States v. Disla, 805 F.2d 1340, 1350 (9th Cir.1986). Whether the defendant knew about the cocaine is a question for the trier of fact, not for the reviewing court. Collins, 764 F.2d at 652.
 
 
 5
 The following facts were adduced from testimony at trial. On June 28, 1992, Miranda-Flores drove a Ford Taurus into the Naco, Arizona Port of Entry. He was the sole occupant of the vehicle. Customs Inspector Michael Saey recognized Miranda-Flores and knew that the vehicle did not belong to Miranda-Flores. When Inspector Saey asked Miranda-Flores to whom the vehicle belonged, Miranda-Flores replied that the car belonged to his nephew from the city of Aqua Prieta.
 
 
 6
 Inspector Saey then asked Miranda-Flores routine questions regarding whether he was bringing fruit, vegetables, or liquor into the United States. Looking Inspector Saey in the eye, Miranda-Flores replied "Nada," meaning nothing. When Inspector Saey queried whether Miranda-Flores had any drugs, Miranda-Flores responded "Nada," but stared straight ahead, without making eye contact with Inspector Saey. Receiving the same response and reaction when he repeated the question, Inspector Saey referred Miranda-Flores to the secondary inspection station.
 
 
 7
 At the secondary inspection station, Inspector Saey observed fresh weld marks under the right rear portion of the car. Inspector Saey also noticed Bondo, a repair compound, and fresh paint in the trunk area. A narcotics detector dog alerted to the right rear wheel well area of the car. Customs Agent Lee Morgan and Inspector Saey searched the vehicle. The search revealed a secret compartment in the right rear portion of the vehicle containing 128.95 pounds of cocaine packaged for distribution and California license plates hidden underneath the passenger side floor mat. Latent prints found on the license plates and the cocaine packaging material did not match Miranda-Flores' prints.
 
 
 8
 When Agent Morgan questioned Miranda-Flores, Miranda-Flores told him that the vehicle belonged to his brother-in-law, Oscar Ramirez, from Hermosillo, Mexico. Miranda-Flores also told Agent Morgan that he drove the vehicle across the border to obtain fuel.
 
 
 9
 Miranda-Flores denied telling Inspector Saey that the vehicle belonged to his nephew and said that he told him the vehicle belonged to his brother-in-law. Miranda-Flores also claimed that Inspector Saey never asked him whether he was carrying drugs.
 
 
 10
 Viewing the evidence in the light most favorable to the government, we conclude there was sufficient evidence from which a rational jury could find Miranda-Flores had knowledge of the cocaine concealed within the compartment. See Castillo, 866 F.2d at 1086. Contrary to Miranda-Flores' assertion that he unwittingly transported cocaine across the border for Ramirez, the evidence revealed that Miranda-Flores first told Inspector Saey that the vehicle belonged to his nephew then told Agent Morgan the vehicle belonged to his brother-in-law. The inconsistencies in Miranda-Flores' story permitted the jury to infer that he knew about the cocaine, particularly in view of the evidence that Miranda-Flores' behavior changed when Inspector Saey asked him whether he was carrying drugs. Finally, the California license plates found in the car refute Miranda-Flores' story that he was merely crossing the border to obtain fuel since it is unlikely that a cocaine distributor would risk crossing the border with that amount of cocaine on two separate occasions. Accordingly, we hold the district court did not err by denying Miranda-Flores' motion for judgment of acquittal. See id.; see also Collins, 764 F.2d at 652.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3