125 F.3d 859
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Said Shah MOHAMADIAN, Defendant-Appellant.
 No. 96-50186.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1997.**
Decided Oct. 9, 1997.
 
 Appeal from the United States District Court for the Central District of California, David V. Kenyon, District Judge, Presiding; No. CR 95-662-KN.
 Before: O'SCANNLAIN, FERNANDEZ, AND THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Mohamadian appeals his conviction for possession of opium with intent to distribute pursuant to 21 U.S.C. § 841(a)(1) and importation of opium pursuant to 21 U.S.C. §§ 952(a) and 960(a)(1). Mohamadian claims that the district court erred in denying his Fed.R.Crim.P. 29 motion for acquittal because the evidence was insufficient to support his conviction. We affirm.
 
 
 3
 The facts underlying this action are known to the parties and we shall not repeat them here.
 
 
 4
 In reviewing the denial of a Rule 29 motion for acquittal, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). "Circumstantial evidence and inferences drawn from it may be sufficient to sustain a conviction." U.S. v. Jackson, 72 F.3d 1370, 1381 (9th Cir.1995), cert, denied, 116 S.Ct. 1546 (1996).
 
 
 5
 We have carefully reviewed the record in this case and, although the evidence presented by the government was not overwhelming, it is sufficient to sustain Mohamadian's conviction. The only disputed issue on appeal is whether Mohamadian had knowledge of the opium in the buffet table. The government presented evidence of Mohamadian's possession of a large quantity of opium, which is sufficient to support an inference of knowledge. See United States v. Davila-Escovedo, 36 F.3d 840, 843 (9th Cir.1994). Evidence of Mohamadian's possession was supplemented with circumstantial evidence, which may prove knowledge or intent in cases involving possession or importation of large quantities of narcotics. See United States v. Barbosa, 906 F.2d 1366, 1368 (9th Cir.1990); United States v. Walitwarangkul, 808 F.2d 1352, 1354 (9th Cir.1986).
 
 
 6
 The government presented evidence of Mohamadian's nervousness and anxiety, beginning with his efforts to claim the buffet from the United States Customs Cargo Facility at Los Angeles International Airport, Barbosa, 906 F.2d at 1368, and of his numerous inconsistent statements and implausible explanations to government officials regarding his behavior and plans for the buffet. See Davila-Escovedo, 36 F.3d at 843; Walitwarangkul, 808 F.2d at 1354. The evidence presented was sufficient for a rational trier of fact to find beyond a reasonable doubt the essential elements of the crimes charged, and specifically, that Mohamadian had knowledge of the opium in the buffet.
 
 
 7
 Therefore, we affirm the district court's denial of Mohamadian's Fed.R.Crim.P. 29 motion for acquittal.
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed. R.App. P. 34(a); Ninth Circuit R. 34-4(c)
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3