**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Olivia Baez MORA,**
**Defendant–Appellant.**

**No. 87–1353.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 13, 1989.

Decided May 30, 1989.

---

**77**

tions, and that her sentencing constituted multiple punishment because the government used the same evidence to prove both importation and possession with intent to distribute. We affirm.

*Background*

On the morning of July 5, 1987, Mora arrived at San Francisco International Airport on Mexicana Airlines. Customs officers requested Mora's passport and customs declaration. Mora was sent to a secondary inspection station because her passport reflected numerous trips during a short period of time.

Upon examination, a customs officer discovered a package wrapped in black tape in the bottom of Mora's tightly packed bag of baby items. The package contained 387.6 grams of 25.1% tar heroin.

*Discussion*

*Sufficiency of Evidence*

Although Mora moved for a judgment of acquittal at the end of the government's case, her counsel neglected to renew the motion at the close of evidence. Hence Mora waived the benefit of the motion. *United States v. Patton,* 771 F.2d 1240, 1243 (9th Cir.1985); *United States v. Ochoa–Torres,* 626 F.2d 689, 691 (9th Cir. 1980); *Beckett v. United States,* 379 F.2d 863, 864 (9th Cir.1967) (per curiam). Nonetheless, we may review the sufficiency of evidence despite an unrenewed motion for acquittal to prevent a manifest miscarriage of justice or for plain error. *Patton,* 771 F.2d at 1243; *Ochoa–Torres,* 626 F.2d at 691; *United States v. Larson,* 507 F.2d 385, 387 (9th Cir.1974) (per curiam).

To sustain a conviction for possession with intent to distribute heroin, the government must prove that the defendant (1) knowingly (2) possessed the heroin (3) with intent to distribute it. 21 U.S.C. § 841(a)(1); *see also United States v. Walitwarangkul,* 808 F.2d 1352, 1353, *cert. denied,* 481 U.S. 1023, 107 S.Ct. 1909, 95 L.Ed.2d 515 (1981). There was no plain error or miscarriage of justice here. Mora had actual possession of a baby bag containing a substantial amount of heroin: 387.6 grams. Possession of a large quanti-

John D. Lyons, Jr., Asst. U.S. Atty., San Francisco, Cal., for plaintiff-appellee.

Victor Palacios, San Francisco, Cal., for defendant-appellant.

Before WALLACE, TANG and SCHROEDER, Circuit Judges.

TANG, Circuit Judge:

Mora appeals her convictions following jury trial for the offenses of importing and possession with intent to distribute heroin in violation of 21 U.S.C. §§ 952(a) and 841(a)(1) respectively. Mora argues that there was insufficient evidence of her knowledge and intent to support the convic-

ty of narcotics alone may be sufficient to support a finding that one knowingly possessed the heroin. *United States v. Collins*, 764 F.2d 647, 652 (9th Cir.1985) (mere possession of a substantial quantity of narcotics is sufficient to support a finding of defendant's knowledge); *United States v. Guzman*, 446 F.2d 1137, 1139 (9th Cir.1971) (evidence of possession of contraband "serves as a substantial basis to draw an inference of ... knowledge"), *cert. denied*, 404 U.S. 1022, 92 S.Ct. 697, 30 L.Ed.2d 672 (1972). Moreover, the Customs officers discovered the heroin secreted in the bottom of a tightly packed bag—circumstances which suggest that the heroin was not planted. Further, Mora was carrying a substantial amount of money, and the contents of her carry-on luggage were inconsistent with her story as to the length of her stay. She did not check any bags as people usually do for extended visits.

■ Likewise, there was no plain error in Mora's conviction for importation of heroin. To sustain the importation conviction the government had to prove that Mora knowingly possessed the heroin and brought it into the United States. *United States v. Mejia–Lozano*, 829 F.2d 268, 271 (1st Cir.1987). The facts showed her possession of heroin as well as her arrival into the United States from Mexico and support the importation conviction while the amount of drug she had could show intent to distribute. *United States v. Bulman*, 667 F.2d 1374, 1378–79 (11th Cir.), *cert. denied*, 456 U.S. 1010, 102 S.Ct. 2305, 73 L.Ed.2d 1307 (1982).

*Multiple Punishment*

■ Mora argues that her sentence both for importation and for possession with intent to distribute constitutes multiple punishment because the same evidence supports both offenses. Mora relies on *United States v. Palafox*, 764 F.2d 558 (9th Cir.1985) (en banc) for the proposition that where evidence of certain separate offenses is the same, convictions of each separate offense is permissible but multiple sentences cannot be given for offenses supported by the same evidence.

*Palafox* is inapposite. We there held that Congress did not intend multiple punishments when an individual was found guilty of offenses comprising preliminary and simultaneous steps in one planned criminal undertaking. *Palafox* concerned convictions for the distribution of a narcotics sample and the resulting possession with intent immediately to distribute the remainder from which the sample came. *See also United States v. Wilson*, 781 F.2d 1438, 1439–40 (9th Cir.1986) (per curiam), where we held that multiple convictions and sentences were not appropriate for a defendant found guilty of both attempt to manufacture and manufacture of the same prohibited substance. In neither case did we rely solely upon the fact that the same evidence supported both convictions. Rather, recognizing that Congress intended to create separate offenses covering all aspects of drug trafficking, we relied upon the principle established by the Supreme Court in *Prince v. United States*, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957). The Court in *Prince* held that where Congress created separate offenses for steps of a single undertaking, which in *Prince* were entry with intent to rob and a completed robbery, Congress did not intend to pyramid the punishments. *Id.* at 327, 77 S.Ct. at 406.

In this case, we deal with a charge of possession with intent to distribute, coupled with importation. The act of importation stands independent of the planned eventual distribution in this country, and hence should be punished separately. This conclusion was reached by the Fifth Circuit in *United States v. Colmenares–Hernandez*, 659 F.2d 39, 43 (5th Cir.) (Unit A), *cert. denied*, 454 U.S. 1127, 102 S.Ct. 979, 71 L.Ed.2d 116 (1981), *overruled in part on other grounds, United States v. Bell*, 678 F.2d 547 (5th Cir.1982) (en banc), *cert. denied*, 462 U.S. 356, 103 S.Ct. 2398, 76 L.Ed. 2d 638 (1983), in considering an argument analogous to that made by the appellant in this case. We agree with the Fifth Circuit's conclusion.

AFFIRMED.