953 F.2d 1388
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rocky Robert FULLER, Defendant-Appellant.
 No. 91-30086.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted jan. 9, 1992.
Decided Jan. 27, 1992.
As Amended on Denial of Rehearing
Feb. 21, 1992.
 
 Before EUGENE A. WRIGHT, WILLIAM A. NORRIS and CYNTHIA HOLCOMB HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant Rocky Robert Fuller appeals his jury conviction for possession of an unregistered firearm less than legal length, possession of an unregistered automatic weapon, possession of an automatic weapon with no discernible serial number, and use of an automatic weapon during and in relation to a drug trafficking crime, in violation of 26 U.S.C. §§ 5861(d), (i), and 18 U.S.C. § 924(c)(1). Defendant challenges the district court's denial of his motion to suppress, request for a Franks hearing, and motion for a new trial. He also challenges the sufficiency of the evidence. We affirm.
 
 
 3
 * A defendant may challenge the truthfulness of statements made in an affidavit supporting a search warrant only if he "makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause." Franks v. Delaware, 438 U.S. 154, 156 (1978). If the defendant fails to make this "substantial preliminary showing," the evidence seized pursuant to the warrant will not be suppressed. See id., 438 U.S. at 171.
 
 
 4
 Because Defendant's argument for suppression challenged only the truthfulness of the supporting affidavit, we need only consider whether the district court properly denied Defendant's motion for a Franks hearing.[1] The district court denied the request, holding that Defendant's assertions of falsity were merely conclusory because "the allegations are unsupported in the record by any indicia of reliability." Defendant did not submit "affidavits or sworn or otherwise reliable statements of witnesses in support of his allegations," and did not explain the absence of such documentation. See Franks, 438 U.S. at 171.
 
 
 5
 Franks is clear that conclusory accusations, without more, are insufficient to mandate an evidentiary hearing. Id. Accordingly, we affirm the district court's denial of the motion to suppress and the request for a Franks hearing.
 
 II
 
 6
 The district court should grant a defendant's motion for a new trial "only in exceptional cases in which the evidence preponderates heavily against the verdict." United States v. Pimentel, 654 F.2d 538, 545 (1981) (citation omitted). At best, the evidence in this case is conflicting. The jury was free to resolve the evidentiary conflict against Defendant. As the reviewing court, we defer to the jury's assessment of credibility and resolution of evidentiary conflicts. See United States v. Gillock, 886 F.2d 220, 222 (9th Cir.1989). We therefore affirm the district court's denial of Defendant's motion for a new trial.
 
 III
 
 7
 As a threshold matter, Defendant waived his right to challenge the sufficiency of the evidence because he did not move for a judgment of acquittal. United States v. Mora, 876 F.2d 76, 77 (9th Cir.1989). "Nonetheless, we may review the sufficiency of evidence ... to prevent a manifest miscarriage of justice or for plain error." Mora, 876 F.2d at 77.
 
 A. Possession of an unregistered firearm
 
 8
 26 U.S.C. § 5861(d) prohibits the knowing possession or transfer of an unregistered firearm. See United States v. Herbert, 698 F.2d 981, 986 (9th Cir.), cert. denied, 464 U.S. 821 (1983). Defendant argues that the evidence is insufficient to prove possession because the evidence introduced at trial demonstrates that his home was jointly occupied. We reject this argument. Defendant points to the testimony of Ms. Rydberg and Mr. Martin that the house was jointly occupied, byt the jury was free to disregard this testimony. Defendant also points to testimony that the papers of a Mr. Gillespy were found in the house. However, this testimony is consistent with Mr. Gillespy's being a guest in the house and, in any event, this evidence is insufficient to demonstrate a manifest miscarriage of justice or plain error. See Mora, 876 F.2d at 77.[2]
 
 
 9
 B. Possession of a firearm without a serial number
 
 
 10
 For the reasons outlined above, we find there was sufficient evidence demonstrating possession.
 
 
 11
 C. Possession of a firearm during and in relation to a drug trafficking offense
 
 
 12
 Section 924(c)(1) has two elements. Under the first element, "the government must establish that the firearm at issue was related to ... the underlying crime." United States v. Torres-Medina, 935 F.2d 1047, 1048 (9th Cir.1991). Under the second element, the government must establish that the defendant "used or carried the firearm." Id. at 1049.
 
 
 13
 Although Defendant admits that he owns the gun found underneath the living room couch, he argues that the evidence was insufficient to connect this firearm to the drug trafficking charge.[3] Case law does not support his argument. The gun was found fully loaded under the living room couch facing the front door. The presence of cocaine and drug paraphernalia throughout the house creates a reasonable inference that the loaded weapon near the entrance of the house was intended to protect the contraband, or to protect Defendant against an unexpected raid or a customer who came to the house and became violent. Id. (proximity of the firearm to the drugs "strongly suggested that it was related to the narcotics operation.").
 
 
 14
 The evidence also demonstrates that Defendant "used" the firearm during the drug transaction. Id. (use element satisfied if firearm's "physical proximity to the defendant at any time during the commission of the crime ... supports the inference that it emboldened him to commit the underlying offense...."); see United States v. Guy, 903 F.2d 1240, 1243 (9th Cir.1990) (use element satisfied when firearm "was strategically located so as to be quickly and easily available for use during" a drug transaction). Here, the gun was easily accessible to Defendant because all he had to do was reach under the couch and retrieve it. See Torres-Medina, 935 F.2d at 1050 (gun accessible to handicapped defendant even though it was located in a crawl space because defendant had a friend who would help him during drug transactions). This proximity supports the inference that the presence of the weapon encouraged Defendant to possess cocaine and to conduct drug transactions in his home, rather than in the street or a dark alley. See id. at 1050 (gun was "used" in drug offense when Defendant owned the gun and had access to it "at his beck and call"); United States v. Torres-Rodriguez, 930 F.2d 1375, 1385 (9th Cir.1991) (use element satisfied when drugs, paraphernalia and cash were present in defendant's home because jury could infer that gun "was intended to facilitate the drug operations and to protect the contraband located on the premises.").
 
 IV
 
 15
 The judgment of the district court is therefore AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 At oral argument, counsel for Defendant argued that the suppression motion should have been granted because the evidence in the affidavit, even if true, did not demonstrate that contraband was actually in Defendant's home. This argument was not raised below, as evidenced by the district court's statement that "the only issue before this Court is the truthfulness of factual statements contained in the affidavit." We therefore decline to address the argument
 
 
 [2]
 We note that even if the residence was jointly occupied, there is sufficient evidence connecting both the Sten and the sawed off shotgun to Defendant. First, the Sten gun was found in the briefcase that the Officers testified was in Defendant's presence and possession on April 14, 1990. Second, the sawed off shotgun was found in Defendant's bedroom underneath his mattress. Defendant does not contend that other individuals occupied his bedroom. This evidence, together with the fact that Defendant owned the home in which the gun was found support the jury's finding
 
 
 [3]
 Defendant argues, unpersuasively, that there was insufficient evidence to connect him to "any drug trafficking offense." The officers found cocaine on Defendant's person during a pat down search after the arrest and during a search of his person after he was taken into custody. This evidence is sufficient to connect Defendant to the drugs and paraphernalia found in his residence