988 F.2d 124
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lino Ray MITCHELL, Defendant-Appellant.
 No. 92-30170.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1993.*
Decided Feb. 10, 1993.
 
 Appeal from the United States District Court for the District of Idaho; No. CR-91-071-01-EJL, Edward J. Lodge, District Judge, Presiding.
 D.Idaho
 AFFIRMED.
 Before TANG, KOZINSKI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 I. Defendant Lino Ray Mitchell contends he was denied effective assistance of counsel when his lawyer failed to file a timely motion to suppress evidence. To prevail on this claim, he must show that (1) "counsel's representation fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694.
 
 
 3
 The Government concedes the first prong, so Mitchell need show only prejudice. To determine prejudice we look to the merits of his motion challenging the magistrate's finding of probable cause. A "magistrate's determination of probable cause is treated with great deference and is not reviewed de novo," and we "may not reverse a ... finding of probable cause unless it is clearly erroneous." United States v. Schmidt, 947 F.2d 362, 371 (9th Cir.1991). We "need only find that, under the totality of the circumstances, the magistrate had a substantial basis for concluding that probable cause existed." Id. "In doubtful cases, preference should be given to the validity of the warrant." Id.
 
 
 4
 Here, probable cause was based on both a tip from a confidential informant and the results of police surveillance of Mitchell's residence. Mitchell argues this information was insufficient to establish probable cause. However, the confidential informant had proven to be a reliable source of information in the past. E.R. 24. Moreover, the police corroborated much of her information after placing the defendant's house under surveillance: The informant was correct about the day and time the defendant left, the direction he traveled and even the color of the bag he carried. E.R. 25-26. In addition to these corroborated tips, the police also found evidence of drug-related activity in the defendant's garbage.[1]
 
 
 5
 The minor discrepancies between the informant's predictions and what actually happened do not undermine the finding of probable cause. Perfection by informants is not required. See Illinois v. Gates, 462 U.S. 213, 245 n. 14 (1983). With respect to the defendant's departure time, the informant was only off by twenty minutes. Having confirmed the direction in which the defendant traveled, it was not necessary for the police to follow him all the way to Brigham City in order to corroborate the informant's tip. In hindsight, we know Mitchell returned two days later than the informant said he would, but this was unknown when the magistrate issued the warrant and thus irrelevant to our inquiry into probable cause at the time it was issued. In short, nothing called into question the informant's reliability. Her tip, corroborated by the police, and the search of Mitchell's garbage provided ample evidence for issuing the warrant in this case.
 
 
 6
 Mitchell also argues the police presented the magistrate information about evidence discovered in the garbage that conflicted with information in a police report, Addendum to Defendant's Brief at 1, a later affidavit for a second search warrant, E.R. 32, and trial testimony, R.T. 14-16. Mitchell contends these inconsistencies show the warrant was issued in part on the basis of intentionally or recklessly false information. "[A] determination of whether ... omissions and misrepresentations were material to a determination of probable cause is a mixed question of law and fact, subject to de novo review." United States v. DeLeon, 979 F.2d 761, 763 (9th Cir.1992). Franks v. Delaware, 438 U.S. 154 (1978), held a defendant was entitled to an evidentiary hearing to determine whether a facially valid affidavit contains false statements if he makes a substantial preliminary showing that: "(1) the affidavit contains intentionally or recklessly false statements and (2) the affidavit cannot support a finding of probable cause without the allegedly false information." DeLeon, 979 F.2d at 763. The same is true of deliberate or reckless omissions that tend to mislead. Id.
 
 
 7
 Though we doubt Mitchell could show the police were lying about the garbage, rather than were merely mistaken in a few details, we need not resolve this issue. Probable cause existed even without the evidence from the trash because the warrant stands on the strength of the information from the confidential informant. This informant had proved reliable in the past. The details of her observations in terms of timing, items to be carried and routes to be taken revealed a substantial basis of knowledge. And virtually everything the informant said was corroborated by direct police surveillance. Her predictions formed a substantial basis for probable cause. See, e.g., United States v. Landis, 726 F.2d 540, 541-42 (9th Cir.) (probable cause determined on the basis of corroborated information from a reliable informant), cert. denied, 467 U.S. 1230 (1984).
 
 
 8
 II. Defendant Mitchell also challenges the sufficiency of evidence to convict him under 18 U.S.C. § 924(c)--using or carrying a firearm in relation to any drug trafficking crime. Because Mitchell did not move for a judgment of acquittal at trial, we "review the sufficiency of evidence ... to prevent a manifest miscarriage of justice or for plain error." United States v. Mora, 876 F.2d 76, 77 (9th Cir.1989).
 
 
 9
 To prove a violation of 18 U.S.C. § 924(c), the government must demonstrate "(1) the firearm at issue was 'related to,' or played some role in, the underlying crime, and (2) the defendant ... 'used' or 'carried' the firearm." United States v. Winslow, 962 F.2d 845, 852 (9th Cir.1992) (citation omitted). Although "the mere presence of a firearm does not trigger the statute," United States v. Phelps, 877 F.2d 28, 30 (9th Cir.1989), "a firearm is used 'in relation to' an offense if the firearm facilitated or had a role in the crime, such as emboldening an actor who had the opportunity or ability to display or discharge the weapon to protect himself or intimidate others whether or not such display or discharge in fact occurred," id. at 31. The physical proximity of the firearm to the drugs will support a conviction if the gun was available "to the defendant at any time during the commission of the crime, or during arrest, [thus supporting] the inference that it emboldened him to commit the underlying offense." United States v. Torres-Medina, 935 F.2d 1047, 1050 (9th Cir.1991).
 
 
 10
 In this case the jury had sufficient evidence to conclude Mitchell carried the firearm in relation to drug trafficking. Police found the firearm, a 9mm Beretta handgun, at the bottom of the same black bag that Mitchell had used to carry the drugs and that still contained ten one-pound bags of marijuana. R.T. 57-58, 95. Also in the black bag was a plastic bag containing four loaded clips for the 9mm. Id. The handgun's proximity to the drugs and its accessibility to the defendant are consistent with its use in relation to drug trafficking. This evidence was sufficient to let a jury reasonably conclude Mitchell was guilty. See Torres-Medina, 935 F.2d at 1049-50. Thus, Mitchell's section 924(c) conviction was not a miscarriage of justice or plain error.
 
 AFFIRMED
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Found in the garbage were a plastic bag with marijuana residue and several packets of tin foil with a burnt substance that appeared to be methamphetamine. E.R. 26