42 F.3d 1403
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Manuel ONTIVEROS-SANCHEZ, Defendant-Appellant.
 No. 94-10196.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1994.*
Decided Nov. 18, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Manuel Ontiveros-Sanchez appeals his conviction, following a jury trial, for possession with intent to distribute marijuana in violation of 21 U.S.C. Sec. 841(a)(1). Ontiveros-Sanchez contends: (1) the evidence was insufficient to support his conviction; and (2) the district court's judicial misconduct materially affected the outcome of his trial. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 * Sufficiency of the Evidence
 
 
 4
 Ontiveros-Sanchez contends that the evidence presented at trial was insufficient to prove that he knowingly possessed marijuana with intent to distribute. Specifically, Ontiveros-Sanchez argues that the government failed to present sufficient evidence of a physical connection between him and a car parked on the side of the highway which contained a large quantity of marijuana. This contention lacks merit.
 
 
 5
 "In reviewing the sufficiency of the evidence supporting a conviction, we search the record to determine 'whether a reasonable jury, after viewing the evidence in the light most favorable to the government, could have found the defendant[s] guilty beyond a reasonable doubt of each essential element of the crime charged.' " United States v. Mares, 940 F.2d 455, 458 (9th Cir.1991) (quoting United States v. Douglass, 780 F.2d 1472, 1476 (9th Cir.1986)).
 
 
 6
 To sustain a conviction under 21 U.S.C. Sec. 841(a)(1), the government had to show that Ontiveros-Sanchez 1) knowingly 2) possessed marijuana 3) with intent to distribute it. See United States v. Mora, 876 F.2d 76, 77 (9th Cir.1989). Possession of a large quantity of drugs alone may be sufficient to show knowing possession. Mora, 876 F.2d at 77-78. Furthermore, knowledge of possession may be inferred where a defendant drives a car laden with contraband. United States v. Haro-Portillo, 531 F.2d 962, 963 (9th Cir.1976); see also United States v. Savinovich, 845 F.2d 834, 837 (9th Cir.), cert. denied, 488 U.S. 943 (1988).
 
 
 7
 Here, the government presented circumstantial evidence from which a reasonable jury could infer that Ontiveros-Sanchez was the driver of the car containing marijuana. Border Patrol Agent Pena testified that she saw Ontiveros-Sanchez drive by her and noticed a strange smell coming from the car, whereupon she turned around and began following him. A few minutes later, she saw the same car pulled off to the side of the road, and Ontiveros-Sanchez was standing near the car. Ontiveros-Sanchez saw Agent Pena and fled into the desert, leaving the car engine running. Agent Pena then searched the car and found bundles of marijuana in the trunk. Two other Border Patrol agents testified that they tracked Ontiveros-Sanchez based on his unique footprint markings, and that they found him hiding under a tree after a two hour search. Agent Pena identified Ontiveros-Sanchez as the man she had seen driving the car and later, fleeing the car.
 
 
 8
 Ontiveros-Sanchez testified at trial that he came upon the parked car at the same time as Agent Pena, and that he fled the scene because he feared deportation, not because he was transporting a controlled substance. The testimony presented by the Border Patrol agents directly contradicted Ontiveros-Sanchez's testimony that he had no connection to the car.
 
 
 9
 Based upon this evidence, a reasonable jury could have found that Ontiveros-Sanchez drove the car knowing that it contained the marijuana. See Savinovich, 845 F.2d at 838; Haro-Portillo, 531 F.2d at 963 (inconsistencies and improbabilities in driver's story strengthens inference of knowing possession). The jury could properly infer intent to distribute from the large quantity of marijuana which agents found in the car driven by Ontiveros-Sanchez. See Mora, 876 F.2d at 77 (sufficient evidence of knowing possession where defendant possessed a baby bag containing 387.6 grams of heroin). Accordingly, there was sufficient evidence for a jury to find beyond a reasonable doubt that Ontiveros-Sanchez knowingly possessed marijuana with intent to distribute. See Savinovich, 845 F.2d at 838.
 
 II
 Judicial Misconduct
 
 10
 Ontiveros-Sanchez contends that because the district court judge's misconduct materially affected the outcome of the trial, his conviction should be reversed. Specifically, he contends that he was denied a fair trial because the judge usurped counsel's function in the examination of witnesses and improperly interjected his opinions and commentary in the presence of the jury. This contention lacks merit.
 
 
 11
 When the issue of judicial misconduct is raised for the first time on appeal, we review for plain error. Fed.R.Crim.P. 52(b); United States v. Spencer, 1 F.3d 742, 746 (9th Cir.1993). "Plain error exists only in exceptional circumstances when a substantial right of a defendant is affected." Id.
 
 
 12
 A trial judge must avoid the appearance of advocacy or partiality. See United States v. Eldred, 588 F.2d 746, 749 (9th Cir.1978) (per curiam). A judge "may participate in the examination of witnesses to clarify evidence, confine counsel to evidentiary rulings, ensure the orderly presentation of evidence, and prevent undue repetition." United States v. Laurins, 857 F.2d 529, 537 (9th Cir.1988), cert. denied, 492 U.S. 906 (1989). "A judge's participation justifies a new trial only if the record shows actual bias or leaves an abiding impression that the jury perceived an appearance of advocacy or partiality." Id.
 
 
 13
 Here, the trial judge[1] frequently interrupted both the defense counsel and the prosecutor during their examinations to question witnesses. Because the judge's interventions seem intended to clarify the evidence, they served a legitimate purpose. See Eldred, 588 F.2d at 749; Spencer, 1 F.3d at 746. Furthermore, these interruptions do not leave an impression of partiality. Because the judge more frequently interrupted the prosecutor, and showed exasperation at her methods, it is unlikely that the judge's interruptions prejudiced Ontiveros-Sanchez's defense. See Laurins, 857 F.2d at 537.
 
 
 14
 During the trial, the district judge made comments in the presence of the jury that were critical of both defense counsel and the prosecutor. However, a full review of the record shows that the judge did not make any derogatory comments regarding the defendant or express an opinion regarding his guilt or innocence. Accordingly, the district court's comments, though unfortunate, were not likely to prejudice Ontiveros-Sanchez. See United States v. DeLuca, 692 F.2d 1277, 1282 (9th Cir.1982) (court's critical comments to defense counsel did not deny defendant a fair trial); Eldred, 588 F.2d at 750 (disparaging remarks aimed at a defendant's attorney rather than the defendant himself are less likely to prejudice the defendant or to affect the outcome of the trial).
 
 
 15
 Finally, the court gave a curative instruction to rectify any improper impressions that his remarks may have created: "[i]f you interpreted anything that I have said or done as expressing an opinion, you should disregard it." See United States v. Sanchez-Lopez, 879 F.2d 541, 553 (9th Cir.1989) (judge's instruction to jury that his comments should not affect their verdict obviated any possibility that the jury interpreted them as a remark on defendant's credibility); see also Spencer, 1 F.3d at 746 (no plain error where jury was instructed that it was the sole judge of the facts).
 
 
 16
 Because the district court's participation and comments do not show bias against the defendant or leave an impression of partiality, they do not constitute plain error. See id. ; Eldred, 588 F.2d at 750; Laurins, 857 F.2d at 538.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Honorable John P. Fullam, Visiting Judge from the Eastern District of Pennsylvania, presided over the trial. The Honorable William D. Browning, District Judge from the District of Arizona, presided over sentencing as well as the pretrial motions