51 F.3d 282
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Carol Lee CHEATHAM-WATKINS, Defendant-Appellee.
 No. 94-50142.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 8, 1995.
Decided April 3, 1995.
 
 Before: TROTT, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The only issue on appeal is the whether the evidence offered in this case is sufficient to support the jury verdict. "[A review of sufficiency of the evidence] does not require a court to ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt. Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-319 (1979) (citations and quotations omitted) (emphasis added).
 
 
 3
 In reviewing the district court's decision, we apply the same test as did the district court. United States v. Johnson, 804 F.2d 1078, 1083 (9th Cir.1986). Of the three elements of possession with intent to distribute, only the question of whether Ms. Cheatham-Watkins knowingly possessed the drug is argued.
 
 
 4
 In United States v. Mora, 876 F.2d 76 (9th Cir.1989), we said that "[p]ossession of a large quantity of narcotics alone may be sufficient to support a finding that one knowingly possessed the heroin." Id. at 77-78. However, in that case, as in others where similar statements were made, there was other evidence to support the inference of knowing possession. Those cases considered the way the drugs were packed, nervousness at the inspection point, or failure of other people to meet the defendant as he had said they would. See, e.g., United States v. Barbosa, 906 F.2d 1366, 1368 (9th Cir.), cert. denied, 498 U.S. 961 (1990) (noting the ample additional evidence from which a jury could have inferred knowledge). None of those particular elements was present here.
 
 
 5
 The question then becomes whether the jury was entitled to disbelieve Ms. Cheatham-Watkins' story. We hold that the issue of credibility was properly presented to and resolved by the jury. She initially stated that she was travelling alone, but immediately changed her story when confronted with the heroin. She said she had never held herself out as Carol Fleischhauer, but signed a document at the hotel in that name. She waited at the non-operative baggage carousel with her luggage until Fleischhauer left the customs area.
 
 
 6
 At trial she testified that she made $20,000 in 1991, when her W-2 form showed less then $14,000 income that year. She also testified that she was in no financial distress at that time, even though she had applied for a deferment on her student loans in 1991 on the basis of financial difficulty. Financial problems would, of course, be some evidence of a motive to engage in smuggling drugs.
 
 
 7
 The Government presented evidence that drug couriers often travel in pairs. One will travel to the source country to acquire the narcotics while the other remains in a neutral country. They will meet and the drugs will be transferred to the less conspicuous courier. Before arriving at the inspection point, the two will separate and the one who had remained in the neutral country will bring the drugs through the inspection point. Fleischhauer went to Thailand where the briefcase, in which the drugs were hidden, was acquired. Meanwhile, Ms. Cheatham-Watkins remained in the Philippines. The two separated once again before the flight into Los Angeles, each maintaining that they were travelling alone.
 
 
 8
 In addition, the jury was entitled to weigh her reaction when told there was heroin in her luggage. She immediately said "Suppose I told you the person that you wanted was about to get away." This could be taken as an attempt by a knowing drug courier to cut a deal with the authorities. The jury could decide that this response was not consistent with being an innocent traveler duped by an evil companion.
 
 
 9
 Ms. Cheatham-Watkins presented explanations for these facts and inconsistencies which, if believed by the jury, would have absolved her of guilt. Obviously, the jury did not accept her explanations.
 
 
 10
 Ms. Cheatham-Watkins' arguments that the inconsistencies in her testimony were not material to the question of guilt and thus do not support her conviction find no support in the authorities cited. "The jury may consider as evidence a less than credible explanation given by the defendant concerning his proximity to the contraband." United States v. Grayson, 597 F.2d 1225, 1229 (9th Cir.), cert. denied, 444 U.S. 873 (1979).
 
 
 11
 Neither we nor the district court are free to disregard the jury's credibility determination, even in what appears to be a close case. "[I]t is the exclusive function of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts." United States v. Rojas, 554 F.2d 938, 943 (9th Cir.1977) (citation and quotations omitted).
 
 
 12
 The district court's order filed February 8, 1994, vacating the jury's verdict is VACATED and the case is REMANDED to the district court with instructions to impose sentence and enter judgment accordingly.
 
 
 13
 VACATED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3