122 F.3d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kim Elizabeth PHAM, Defendant-Appellant.
 No. 96-50502.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997**
Decided Aug. 29, 1997.
 
 Appeal from the United States District Court for the Southern District of California; No. CR-95-01767-HBT Howard B. Turrentine, District Judge, Presiding.
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Kim Elizabeth Pham appeals her jury conviction for importing heroin and possessing heroin with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 952 and 960, and sentence for eighty-seven months. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the conviction but remand for resentencing.
 
 
 3
 We review de novo the denial of a motion for judgment of acquittal. See United States v. Bahena-Cardenas, 70 F.3d 1071, 1072 (9th Cir.1995). We review the evidence in the light most favorable to the government to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See id. at 1072-73.
 
 
 4
 Pham contends that the district court erred in denying her motion for judgment of acquittal because the government presented insufficient evidence to prove that Pham knew she was carrying heroin. We disagree.
 
 
 5
 To sustain convictions for importing heroin and possessing heroin with intent to distribute, the government must prove that the defendant knowingly possessed the heroin. See United States v. Mora, 876 F.2d 76, 77-78 (9th Cir.1989). Circumstantial evidence may prove knowledge in cases involving importation or possession of large quantities of narcotics. See United States v. Barbosa, 906 F.2d 1366, 1368 (9th Cir.1990). Mere possession of a substantial quantity of drugs coupled with other circumstantial evidence may support an inference of knowledge. See United States v. Walitwarangkul, 808 F.2d 1352, 1354 (9th Cir.1987).
 
 
 6
 The evidence, considered favorably to the government, permitted a rational jury to conclude beyond a reasonable doubt that Pham knew the suitcase contained heroin. See Barbosa, 906 F.2d at 1368. Thus, the district court correctly denied Pham's motion for judgment of acquittal. See Bahena-Cardenas, 70 F.3d at 1072.
 
 
 7
 Pham also contends that the district court committed plain error when it calculated the sentence by using the amount of heroin in the presentence report rather than the amount in evidence at trial. The government agrees. Thus, even though Pham failed. to object at sentencing, we find plain error and remand to the district court for resentencing based on the correct amount of heroin. See U.S.S.G. § 2D1.1(c)(4); United States v. Davis, 36 F.3d 1424, 1435 (9th Cir.1994).
 
 
 8
 AFFIRMED in part and REMANDED for resentencing.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3