**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Terry Ray HORNBECK, Defendant—
Appellant.**

No. 02–50146.
D.C. No. CR–01–00658–RMT–1.

United States Court of Appeals,
Ninth Circuit.

Submitted April 7, 2003.*

Decided April 25, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before BEEZER, FERNANDEZ, and PAEZ, Circuit Judges.

### MEMORANDUM**

Terry Ray Hornbeck ("Hornbeck") appeals his conviction for armed bank robbery in violation of 18 U.S.C. § 2113(a)(d). Hornbeck raises four issues on appeal; we have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

### I.

Hornbeck first argues that there was insufficient evidence to establish that he was the perpetrator of the bank robbery. Because Hornbeck failed to move for acquittal at the close of all of the evidence at trial, we review the sufficiency of the evidence for plain error. *United States v. Carpenter*, 95 F.3d 773, 775 (9th Cir.1996); *see also United States v. Mora*, 876 F.2d 76, 77 (9th Cir.1989). Here, however, "[i]t makes little difference whether we review [Hornbeck's] claim of insufficiency of the evidence for plain error ... or under the

usual standard for properly preserved issues ... [Hornbeck's] attack fails under either standard." *Carpenter*, 95 F.3d at 775 (internal citations omitted).

Hornbeck contends that because witnesses provided differing testimony regarding his height and weight and because the two tellers could not identify him as the bank robber, there was insufficient evidence to establish that he was the one who robbed the bank. In light of the ample evidence identifying Hornbeck as the person who committed the robbery and the corroborating testimony supporting the conviction, this argument fails.

■ The testimony of the victim tellers regarding the physical description of the robber, the bait bills, the bank employee's testimony regarding the robber's possession of a teal bag that matched the description of the bag recovered from Hornbeck's car, the testimony and evidence linking the light blue Cadillac to Hornbeck, the testimony of the deputy sheriff who found Hornbeck in the lemon grove with assistance from Molly the bloodhound, and the fact that the money from the bank robbery, a gun matching the description of the gun used in the robbery, and a bandana matching the description of the bandana worn during the robbery were found in the light blue Cadillac all amounted to more than sufficient evidence to support the jury's verdict. Thus, even under the standard that would apply if Hornbeck's attorney properly had preserved the error for review, a rational trier of fact could have concluded that Hornbeck was the robber and could have found all of the essential elements of the crime beyond a reasonable doubt.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## II.

Hornbeck next argues that the district court erred in denying his motion in limine to exclude evidence concerning the bloodhound alert. Hornbeck asserts that the evidence is inherently unreliable, and therefore could not meet the methodology and reliability requirements of *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). Hornbeck argues that any probative value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury," and therefore should have been excluded under Fed.R.Evid. 403. *Id.,* at 594–95. We review the district court's decision to admit or exclude evidence for an abuse of discretion, *United States v. Beckman,* 298 F.3d 788, 792 (9th Cir.2002); it was well within the discretion of the district court to admit this evidence.

■ First, the canine tracking evidence was probative. The evidence made it more likely that Hornbeck was the bank robber by connecting the car with the evidence from the robbery (the money and the bandana, for example) to Hornbeck. Additionally, when the district court conducted a pretrial hearing on Hornbeck's motion in limine to exclude the dog scent evidence, it assessed the reliability of the evidence and determined that a proper foundation had been established for the admission of the scent tracking evidence. As noted by the district court:

> We have received information that the K–9 Trainer has been doing so [working in the field successfully alerting police to defendants] for the past eight years and the bloodhound had been used in 22 criminal investigations. And accordingly, the foundation has been established, the reliability of the dog and the handler has been established, and therefore I

see no impediments to allowing those matters to be received into evidence.

Furthermore, even if we concluded that the trial court failed to apply or misapplied the methodology and reliability requirements of *Daubert,* "the nonconstitutional errors alleged here would not require reversal unless it was more 'probable than not' that they affected the verdict." *United States v. Soulard,* 730 F.2d 1292, 1296 (9th Cir.1984) (citing Fed.R.Crim.P. 52(a)). In light of the other evidence connecting Hornbeck to the robbery, any alleged error would have been harmless. In sum, the district court did not abuse its discretion when it determined that the canine tracking evidence was relevant and not unfairly prejudicial.

## III.

■ Hornbeck next argues that the government's expert testimony concerning the absence of fingerprints should have been excluded "because it was irrelevant, and the prejudicial impact of the evidence substantially outweighed any probative value it arguably had." Because the evidence was relevant and not unfairly prejudicial, the court did not abuse its discretion in admitting the evidence to explain why a defendant's fingerprints might not be recoverable from the scene of a crime or from evidence retrieved from the crime.

Here, the investigators did not recover Hornbeck's fingerprints from the BB gun allegedly used during the robbery or from inside the bank. "The testimony aided the jury in understanding why [Hornbeck's] fingerprints might not be found on items that the jury knew he had touched, which explanation would not otherwise have been readily apparent. We have in the past upheld the admission of expert testimony that explained the possible reasons why fingerprints would not be found on an object." *United States v. Burdeau,* 168

F.3d 352, 356–57 (9th Cir.1999), citing *United States v. Christophe*, 833 F.2d 1296, 1300 (9th Cir.1987). There was no abuse of discretion.

## IV.

Hornbeck requested that the district court give a "mere presence" instruction pursuant to Ninth Circuit Model Criminal Jury Instruction 6.9. Because Hornbeck's counsel failed to object to the instructions at the time of trial, we review for plain error. *United States v. Long*, 301 F.3d 1095, 1104 (9th Cir.2002).

■ The mere presence instruction explains that a defendant's "mere presence" at the scene of a crime does not demonstrate guilt. Here, however, Hornbeck was not arguing that he was merely present at the bank, and did not commit the robbery. On the contrary, he argued vigorously that neither the bank employees nor the witness who identified the blue Cadillac on Sawyer Avenue had sufficiently consistent descriptions of him to identify him as the man who committed the robbery or as someone who was near the scene of the crime. The evidence presented by the government was not limited to Hornbeck's presence at the crime scene. The government presented evidence to prove that Hornbeck entered the bank, threatened the tellers with a gun, took almost $19,000, and led the deputy sheriffs on a high speed chase that resulted in his arrest. Thus, as in *Medrano*, the government's case here was not one that "rested primarily on defendant's presence, and no more than just presence." *United States v. Medrano*, 5 F.3d 1214, 1218 (9th Cir. 1993) (internal citation omitted). As in *Medrano*, the government's case rested on Hornbeck's presence and his "affirmative conduct." *Medrano*, 5 F.3d at 1219.

To the extent that Hornbeck is claiming that his mere presence at the orchard warrants a mere presence instruction, this argument must be rejected. The requested instruction addresses a defendant's mere presence at the scene of the crime. The scene of the crime here was the bank, not the orchard. The district court did not err when it declined to give the mere presence instruction.

AFFIRMED

---

* This disposition is not appropriate for publication and may not be cited to or by the courts