**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Manuel Francisco CARDENAS,**
**Defendant–Appellant.**

No. 06–10037.

United States Court of Appeals,
Ninth Circuit.

Submitted March 7, 2007 *.

Filed April 2, 2007.

Irene C. Feldman, Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

S. Jonathan Young, Esq., Law Offices of Williamson and Young, P.C., Tucson, AZ, for Defendant–Appellant.

Before: HAWKINS, THOMAS, and CLIFTON, Circuit Judges.

MEMORANDUM **

Manuel Francisco Cardenas appeals from his jury conviction for possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Cardenas contends that the district court erred in denying his motion for judgment of acquittal under Fed.R.Crim.P. 29, because the Government failed to present evidence to prove knowing possession. *See United States v. Mora,* 876 F.2d 76, 77 (9th Cir.1989) (setting forth elements of possession with intent to distribute charge). We review de novo and conclude that the evidence, when viewed as a whole and in the light most favorable to the prosecution, supports at least a plausible inference of Cardenas's knowledge. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Cardenas drove to an area known for narcotics trafficking, where nearly 62 pounds of marijuana were loaded into his vehicle. An agent testified that Cardenas's passenger admitted he knew that the bundles contained marijuana and knew where Cardenas intended to deliver the

---

* This panel unanimously agrees that this case is appropriate for submission without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**584**

drugs. From this and other evidence adduced at trial, including evidence regarding the quantity and odor of marijuana, a rational jury could have found beyond a reasonable doubt that Cardenas knowingly possessed marijuana with intent to distribute. *See United States v. Magallon–Jimenez,* 219 F.3d 1109, 1114 (9th Cir.2000) (citation omitted) ("It is the province of the trier of fact 'to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts.' "); *United States v. Bernard,* 48 F.3d 427, 430 (9th Cir.1995) (noting that knowledge may be proven solely by circumstantial evidence). Accordingly, we conclude that Cardenas's conviction was supported by sufficient evidence, and the district court properly denied his Rule 29 motion.

**AFFIRMED.**

