**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 17 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10102 |
| Plaintiff - Appellee, | D.C. No. CR 09-1381-PHX-JAT |
| v. | |
| ERNEST CHRZASZCZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
James T. Teilborg, Senior District Judge, Presiding

Submitted June 6, 2013[**]
Pasadena, California

Before: TROTT, LUCERO,[***] and W. FLETCHER, Circuit Judges.

Ernest Chrzaszcz appeals his conviction for conspiracy to possess with

intent to distribute heroin, cocaine, and marijuana in violation of 21 U.S.C. §§ 846,

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

[***]  The Honorable Carlos F. Lucero, Circuit Judge for the Tenth Circuit, sitting by designation.

841(a)(1), and 841(b)(1)(A), and his convictions for possession with intent to distribute heroin, cocaine, and marijuana, all in violation of 21 U.S.C. § 841(a)(1) and 841 (b)(1)(A). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Chrzaszcz argues that the evidence presented at trial was insufficient to convict. We review claims of insufficient evidence de novo. United States v. Duran, 189 F.3d 1071, 1078 (9th Cir. 1999). The dispositive question is whether, construing the evidence "in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). "To establish a drug conspiracy, the government must prove: 1) an agreement to accomplish an illegal objective; and 2) the intent to commit the underlying offense." United States v. Iriarte-Ortega, 113 F.3d 1022, 1024 (9th Cir. 1997), amended by 127 F.3d 1200 (9th Cir. 1997). To prove possession with intent to distribute, the government must show that "the defendant (1) knowingly (2) possessed the [drug] (3) with intent to distribute it." United States v. Mora, 876 F.2d 76, 77 (9th Cir. 1989).

Chrzaszcz was apprehended as the passenger of a truck carrying large amounts of heroin, cocaine, and marijuana. He asserts that the only evidence that he was aware of the truck's cargo was a coconspirator's "bare assertion that 'he

2

knew.'" We reject Chrzaszcz's characterization of the evidence. Two coconspirators confirmed that Chrzaszcz knew of the drugs in the truck. One of these coconspirators testified that he personally discussed drug trafficking plans with Chrzaszcz. The government also introduced a recorded phone conversation in which Chrzaszcz discussed cocaine prices with a coconspirator and testimony from law enforcement officers who observed Chrzaszcz taking delivery of marijuana several days prior to his arrest, among other evidence.

Viewing the evidence presented at trial in the light most favorable to the government, we conclude that the jury could have rationally concluded that the government proved each of the essential elements of the charged crimes beyond a reasonable doubt. See Jackson, 443 U.S. at 319.

**AFFIRMED**.