
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50515 |
| Plaintiff-Appellee, | D.C. No. 3:11-CR-00925-DMS |
| v. | |
| JOSE RENE GARCIA-VASQUEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Argued and Submitted June 3, 2014
Pasadena, California

Before: TROTT and CALLAHAN, Circuit Judges, and BENNETT, District Judge.[**]

Defendant-Appellant Jose Rene Garcia-Vasquez (Garcia-Vasquez) appeals

his convictions for conspiracy to distribute methamphetamine under 21 U.S.C. §§

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.


[**]     The Honorable Mark W. Bennett, District Judge for the U.S. District Court for the Northern District of Iowa, sitting by designation.

841 and 846 and importation of methamphetamine under 21 U.S.C. §§ 952 and 960, arguing that the evidence at trial was insufficient to sustain either conviction. He also appeals the district court's denial of an acceptance-of-responsibility adjustment under U.S.S.G. § 3E1.1 and challenges the substantive reasonableness of his 87-month sentence. We have jurisdiction under 28 U.S.C. § 1291. For the reasons discussed below, we affirm.

Border agents stopped Garcia-Vasquez at the Calexico Port of Entry as he attempted to drive his car from Mexico into California. During the stop, the agents discovered 10.38 pounds of 99.4%-pure methamphetamine, worth over $100,000, in dollar-bill-sized containers lining a compartment under the car. The agents also found a one-way Greyhound bus ticket from Los Angeles to Tijuana, dated four days before the stop, in the glove box. Garcia-Vasquez was the driver, registered owner, and sole occupant of the car containing the drugs. A jury convicted Garcia-Vasquez of conspiracy to distribute methamphetamine and importation of methamphetamine. Garcia-Vasquez argues that there is insufficient evidence of a conspiracy, his intent to distribute methamphetamine, and his knowledge of the methamphetamine in his car. We disagree.

A conspiracy "agreement need not be explicit, but may be inferred from circumstantial evidence, and once the existence of a conspiracy is established,

evidence establishing beyond a reasonable doubt a connection of a defendant with the conspiracy, even though the connection is slight, is sufficient to convict him with knowing participation in the conspiracy." *United States v. Melchor-Lopez*, 627 F.2d 886, 891 (9th Cir. 1980) (internal citations and quotation marks omitted). Evidence at trial established that Garcia-Vasquez had a distributable amount of drugs in a highly customized compartment underneath his car. A border agent gave expert testimony that Garcia-Vasquez's attempted importation fit the modus operandi of how drug cartels smuggle drugs into the United States. The agent also testified that the drug containers found inside the compartment served a dual purpose: they held drugs going into the United States and were the perfect size to smuggle United States currency back into Mexico.

From this circumstantial evidence, the jury could infer that Garcia-Vasquez was part of a conspiracy to distribute drugs. The jury could also infer Garcia-Vasquez's intent to distribute from the amount, purity, and value of the drugs found in his car. *See United States v. Savinovich*, 845 F.2d 834, 838 (9th Cir. 1988) (defendant's possession of four pounds of high-purity cocaine, worth $100,000, was sufficient to infer intent to distribute). The jury was free to infer Garcia-Vasquez's knowledge of the drugs from the quantity of drugs in his car and the fact that Garcia-Vasquez was the driver, owner, and sole occupant of the car.

*See United States v. Mora*, 876 F.2d 76, 77–78 (9th Cir. 1989) (quantity); *United States v. Diaz-Cardenas*, 351 F.3d 404, 407 (9th Cir. 2003) (driver and sole occupant). The jury could also infer from the one-way bus ticket that he had not taken his car to Mexico for repairs, as he claimed, but instead went to Mexico to knowingly procure drugs. The expert testimony, dual-purpose drug containers, and bus ticket distinguish this case from *United States v. Rubio-Villareal*, 927 F.2d 1495 (9th Cir. 1991), *on reh'g*, 967 F.2d 294 (9th Cir. 1992) (en banc).

As for Garcia-Vasquez's sentence, the district court did not err in denying Garcia-Vasquez a § 3E1.1 adjustment for acceptance of responsibility. "This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt," as Garcia-Vasquez did. U.S.S.G. § 3E1.1 application note 2. That Garcia-Vasquez went to trial to delay negative immigration consequences does not convince us otherwise. The district court also made a sufficient record justifying Garcia-Vasquez's sentence at the low end of the Guidelines range. We therefore cannot say that Garcia-Vasquez's 87-month sentence was substantively unreasonable.

AFFIRMED.